# EXHIBIT 21

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **SANDRA KELLY, JANICE WALTMAN,**<br>**AND SYLVIA PATINO, INDIVIDUALLY**<br>**& ON BEHALF OF OTHERS SIMILARLY SITUATED** | **PLAINTIFFS** |
| **vs.**        Case No ___13-CV-441___ | |
| **HEALTHCARE SERVICES GROUP, INC.** | **DEFENDANT** |
| | **JURY DEMAND** |

### PLAINTIFFS' COLLECTIVE ACTION COMPLAINT

COME now Plaintiffs Sandra Kelly, Janice Waltman, and Sylvia Patino, by and through their attorneys Ocker Law Firm, P.L.L.C. and Holleman & Associates, P.A., and for their Collective Action Complaint (hereinafter "Complaint") against Defendant Healthcare Services Group, Inc., (hereinafter "HSG"), do hereby state and allege as follows:

### I. INTRODUCTION, JURISDICTION AND VENUE

1.      Plaintiffs and those similarly situated seek an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 215, 216(b) and 217.

2.      Jurisdiction of this action is conferred on the Court by 29 U.S.C. §§ 216(b), 217; 28 U.S.C. § 1331 and 28 U.S.C. § 1337. Venue lies within the district, pursuant to 28 U.S.C. § 1391.

3.      At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.* (hereafter referred to as "FLSA").

**Page 1 of 11**

## II. THE PARTIES

### A. DEFENDANT

4.     Defendant Healthcare Services Group, Inc. is a foreign corporation (Pennsylvania) and was the Plaintiffs' employer for all relevant time periods. HSG is registered to do business in Texas. For all of the similarly situated employee Plaintiffs, HSG is currently or was their employer within the meaning of the Fair Labor Standards Act, 29 U.S.C § 203(d). The registered agent for HSG is The Corporation Service Company DBA CSC – Lawyers INCO whose address is 211 E. 7th Street Suite 620, Austin, Texas 78701.

### B. PLAINTIFFS

5.     Each Plaintiff herein is presently and/or was, at some time since January of 2011, was serving HSG as an Account Manager.

6.     Plaintiff Sandra Kelly is a resident and citizen of Cass County, Texas.

7.     At all times relevant to this Complaint, Plaintiff Kelly was classified as an hourly employee and was non-exempt from the requirements of the Fair Labor Standards Act.

8.     Plaintiff Janice Waltman is a resident and citizen of Bowie County, Texas.

9.     Plaintiff Sylvia Patino is a resident and citizen of Titus County, Texas.

10.     At all times relevant to this Complaint, Plaintiffs Waltman and Patino were improperly classified as salaried employees, but in reality each was non-exempt from the overtime requirements of the Fair Labor Standards Act.

11.     Each brings this action on behalf of himself or herself and on behalf of all other HSG employees, whether past, present or future, who are or were 1) employed by HSG as an Account Manager or in similar position; and 2) did not receive overtime for hours worked in

excess of forty (40) hours per week.

### III. FACTUAL ALLEGATIONS

12.     HSG is a corporation providing housekeeping, laundry, dining, and nutrition services to various healthcare facilities in 47 states.

13.     Plaintiffs were employed by HSG as Account Managers during the times relevant to this Complaint.

14.     Plaintiff Janice Waltman's employment with HSG started in August of 2011. Her employment with Defendant was terminated in March of 2012.

15.     Plaintiff Sylvia Patino's employment with HSG started in January of 2011. Her employment with Defendant ended at sometime in 2012.

16.     Plaintiff Sandra Kelly's employment with HSG started at sometime in 2011. Her employment ended at sometime in 2012.

17.     Each Plaintiff was made to work far in excess of forty (40) hours per week, sometimes even as many as 120 or more hours in a week.

18.     Plaintiffs Waltman and Petino were paid a salary of Four Hundred Fifty Five (455) Dollars a week.

19.     Plaintiff Kelly was paid Eleven (11) Dollars and 48 cents per hour.

20.     Plaintiff Kelly was not allowed to report more than Thirty Six (36) hours per week.

21.     Plaintiffs' primary job duty was cleaning the floors, changing bed sheets, cleaning the dining room, cleaning trash, dusting and damp mopping, stripping and waxing floors, and doing the laundry of the nursing facilities to which they were assigned.

22.     The above referenced job tasks consumed 90% of the Plaintiffs' work day.

23. Plaintiffs did not supervise any full time employees of HSG.

24. Plaintiffs' primary duty did not involve management or supervision of HSG's employees.

25. Plaintiffs' suggestions and recommendations as to hiring, firing, advancement, promotion, or other change of status of other HSG's employees were not given particular weight.

26. Plaintiffs were closely supervised by an HSG District Manager who instructed them on their daily tasks and controlled and directed their work.

27. There was no agreement between Plaintiffs Waltman and Petino and HSG that their salaries were intended to compensate them for hours worked in excess of forty (40).

28. Plaintiffs were not allowed to report all hours that they actually worked.

29. Plaintiffs' work did not involve performance of office work directly related to the management or business operations of HSG.

30. Plaintiffs' work did not involve performance of non-office work directly related to the management or business operations of HSG or HSG's customers.

31. Plaintiffs were required to follow strict policies and procedures of HSG in performing their regular every day tasks.

32. Plaintiff did not exercise independent discretion and judgment when performing their job duties.

33. As a result of Defendant's action, Plaintiffs sustained damages. The exact amount of Plaintiffs' damages is unknown at this time and will be calculated upon Defendant disclosing Plaintiffs' payroll records.

34. Defendant has been notified on previous occasions, or should have known, about the violations of the Fair Labor Standards Act. It has taken no action, despite demands and

notice. Defendant's actions are willful and are taken with knowledge that its acts violate the wage and hour provisions of the Fair Labor Standards Act.

35. The unlawful policy followed by HSG has been in place for a period in excess of three (3) years and is in place at the present time.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiffs bring their Claim for Relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as an Account Manager at any time within the applicable statue of limitations period, who have not been compensated for all hours worked in excess of forty (40) hours per work week.

37. Plaintiffs' bring their claim an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. § 216(b), as prospective members of the FLSA Collective Action are similarly situated to Plaintiffs and have claims that are similar to Plaintiffs' Claim for Relief.

38. Questions of law and fact common to the collective action as a whole include, but are not limited to, the following:

a. Whether HSG unlawfully failed and continues to fail to compensate FLSA Collective Action Plaintiffs and prospective FLSA Collective Action Plaintiffs for all hours worked in violation of the FLSA, 29 U.S.C. § 201 *et seq.;*

b. Whether HSG unlawfully failed and continues to fail to pay overtime compensation in violation of the FLSA, 29 U.S.C. § 201 *et seq.;*

c. Whether HSG's failure to pay overtime to the FLSA Collective Action Plaintiffs was willful within the meaning of FLSA;

d.     Whether HSG unlawfully failed and continues to fail to compensate FLSA Collective Action Plaintiffs for hours worked during HSG orientation training sessions in violation of the FLSA, 29 U.S.C. § 201 *et seq.;*

e.     Whether HSG failed and continues to fail to maintain accurate records of actual time worked by the FLSA Collective Action Plaintiffs;

f.     Whether HSG failed and continues to fail to record or report all actual time worked by the FLSA Collective Action Plaintiffs; and

g.     Whether HSG failed and continues to fail to provide accurate wage statements itemizing all actual time worked and wages earned by the FLSA Collective Action Plaintiffs.

39.     Plaintiffs and the FLSA Collective Action Plaintiffs are similarly situated and are subject to HSG's common practice, policy or plan of refusing to compensate all hours worked and refusing to pay overtime in violation of the FLSA.

40.     The names and addresses of the FLSA Collective Action Plaintiffs are available from Defendant, and notice should be provided to the FLSA Collective Action Plaintiffs *via* first class mail to their last known address as soon as possible.

## IV. PLAINTIFFS' CLAIM FOR RELIEF

**(Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, Brought by Plaintiffs on Behalf of Themselves and all FLSA Collective Action Plaintiffs)**

41.     Plaintiffs, on behalf of themselves and all FLSA Collective Action Plaintiffs, re-allege and incorporate by reference paragraphs stated above as if they were set forth again herein.

42.     At all relevant times, Defendant has been, and continues to be, an "employer"

engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed and/or continues to employ "employee[s]," including Plaintiffs and each of the prospective FLSA Collective Action Plaintiffs, who have been and/or continue to be engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has had gross operating revenues in excess of $500,000.

43. Plaintiffs in this action have signed Consent to Sue forms pursuant to Section 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256. See Exhibit A attached hereto. Other individuals will sign consent forms and join as plaintiffs on this claim in the future.

44. The FLSA requires Defendant, as a covered employer, to compensate all non-exempt employees for all hours worked, and to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a work week.

45. Plaintiffs and all FLSA Collective Action Plaintiffs are entitled to compensation for all hours worked.

46. Plaintiffs and all FLSA Collective Action Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked.

47. At all relevant times, Defendant, pursuant to its policies and practices, failed and refused to compensate Plaintiffs and the FLSA Collective Action Plaintiffs for work performed in excess of 40 hours per week.

48. At all relevant times Defendant, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiffs and the FLSA Collective Action Plaintiffs for

their hours worked in excess of 40 hours per week.

49.     At all relevant times, Defendant has engaged, and continues to engage, in a willful policy, pattern, or practice of requiring or permitting its non-exempt, salaried employees, including Plaintiffs and the FLSA Collective Action Plaintiffs, to perform work in excess of 40 hours per week.

50.     At all relevant times, the overtime work performed by Defendant's non-exempt employees, including Plaintiffs and the FLSA Collective Action Plaintiffs, was and continues to be required or permitted by Defendant, for the benefit of Defendant, and is directly related to such employees' principal employment with Defendant, and is an integral and indispensable part of such employees' employment with Defendant.

51.     Defendant violated and continues to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a), by failing to pay FLSA Collective Action Plaintiffs for all hours actually worked and by failing to pay FLSA Collective Action Plaintiffs at least one-and-a-half times their regular rates of pay for all hours worked in excess of forty (40) in a workweek.  These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. § 201 *et seq.*

52.     The FLSA also imposes specific employment record-keeping requirements, including the obligation to keep accurate records of all hours worked.  By failing to record, report, and/or preserve records of hours worked by Plaintiffs and the prospective FLSA Collective Action Plaintiffs, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).  These violations of the FLSA were knowing and willful within the

Case 2:13-cv-00441-ER Document 1 Filed 05/31/13 Page 9 of 11 PageID #: 9

meaning of 29 U.S.C. § 201 *et seq.*

53.     As a result of Defendant's violations of law, FLSA Collective Action Plaintiffs are entitled to recover from Defendant the amount of their unpaid wages and overtime compensation, an additional equal amount as liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), prejudgment interest, attorneys' fees, litigation expenses and court costs, pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

### V. SUMMARY

54.     Plaintiffs ask the Court to enter a declaratory judgment, declaring that the Defendant has willfully and wrongfully violated its statutory obligations, and deprived Plaintiffs and those similarly situated of their rights, protection and entitlements under law as alleged in Plaintiffs' complaint.

55.     Plaintiffs further request the Court to enter a permanent injunction, restraining and preventing Defendant from withholding the compensation that is due each of the Plaintiffs and those similarly situated and from further violating their rights under the law.

56.     Plaintiffs further request the Court to enter a permanent injunction, restraining and preventing Defendant from engaging in retaliatory and discriminatory conduct towards Plaintiffs and other similarly situated employees, that it be restrained from engaging in such conduct against other employees who participate herein or are called to testify herein, and to restrain such conduct of Defendant if other employees complain of wage and hour violations as such rights are protected under the law.

57.     Plaintiffs further ask that the Court order a complete and accurate accounting of all the compensation to which Plaintiffs are entitled as well as provide a complete listing of the

names and addresses of all those employees who are similarly situated as described above.

58.     That Plaintiffs will ask this Court to award them monetary damages in the form of back-pay compensation, liquidated damages equal to their unpaid compensation, plus interest. This will be for the named Plaintiffs and all Plaintiffs similarly situated.

59.     Plaintiffs further ask the Court to award them their attorney fees, and their costs and expenses and disbursements in pursuing this cause of action for the named Plaintiffs and all those similarly situated.

## VI. **DEMAND FOR JURY TRIAL**

60.     Plaintiffs demand a trial by jury upon all issues herein.

**WHEREFORE**, premises considered, Plaintiffs each individually and on behalf of others similar situated, pray that Defendant be summoned to appear and answer; that the Court enter an order restraining Defendant from retaliating, discriminating, harassing or otherwise intimidating Plaintiffs and other similarly situated employees for their participation herein; further, that the Court enter a declaratory judgment, declaring that Defendant has willfully and wrongfully violated its statutory obligation, and deprived Plaintiffs and all Plaintiffs similarly situated of their rights, protection and entitlements under the law, and particularly the Fair Labor Standards Act as alleged herein; that the Court enter a permanent injunction, restraining and preventing Defendant from withholding the compensation that is due each of the Plaintiffs and all Plaintiffs similarly situated and from further violating their rights under Fair Labor Standards Act and other applicable laws; that the Court order a complete and accurate accounting of all the compensation to which Plaintiffs and all Plaintiffs similarly situated are entitled; that each Plaintiff and all Plaintiffs similarly situated be awarded monetary damages in the form of back-pay compensation, liquidated damages equal to their unpaid compensation, plus interest; that

Plaintiffs and all Plaintiffs similarly situated specifically pray for a jury trial; that Plaintiffs and all Plaintiffs similarly situated should have their attorneys fees paid by Defendant as well as their expenses, costs and any disbursements required to bring this cause of action; and any other just and proper relief to which they may be entitled.

Respectfully submitted,

**SANDRA KELLY, JANICE WALTMAN, AND SYLVIA PATINO, EACH INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED**

Dorotha Ocker, Texas Bar No. 24076597
New York Registration No. 4672028
Ocker Law Firm, P.L.L.C.
2340 E. Trinity Mills Road,
Ste. 300, Carrollton, Texas, 75006.
Tel. (214) 390-5715
Facsimile: (469) 277-3365
Email: dmo@ockerlawfirm.com

and

HOLLEMAN & ASSOCIATES, P.A.
John T. Holleman, Texas Bar No. 24014806
jholleman@johnholleman.net
1008 West Second Street,
Little Rock, AR 72201
Telephone: (501) 975-5040
Facsimile: (501) 975-5043