IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UTAH RETIREMENT SYSTEMS, et al., | : | CIVIL ACTION |
| | : | No. 19-01227 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| HEALTHCARE SERVICES GROUP, INC., et al., | : | |
| | : | |
| Defendants. | : | |

**Order**

**AND NOW**, this **24th** day of **April, 2020**, it is hereby ordered that the Motion to dismiss of Defendants Healthcare Services Group, Inc., Daniel P. McCartney, Matthew J. McKee, John C. Shea, and Theodore Wahl (ECF. No. 33) is **DENIED**.[1]

[1] Presently before the Court is Defendants' Motion to Dismiss filed on November 18, 2019. In its Amended Complaint, Lead Plaintiff Utah Retirement Systems ("URS") alleges Defendants violated sections 10(b) and 20(a) of the Securities Exchange Act, and Rule 10b-5 promulgated thereunder. The Amended Complaint avers that during the class period of April 8, 2014 through March 4, 2019, the Defendants manipulated various expenses so Health Care Services ("the Company") could artificially inflate its Earnings Per Share ("EPS") number by rounding up to the nearest penny when the Company would otherwise have to round down. Defendants move to dismiss both counts of the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) arguing that URS has failed to establish Defendants made any material misrepresentations or omissions in connection with the purchase or sale of stock, nor acted with scienter.

## I. Legal Standards

### A. Motion to Dismiss

When deciding a motion to dismiss under Rule 12(b)(6), courts must accept all factual allegations as true, view the complaint in the light most favorable to the plaintiff, and determine if the plaintiff is entitled to relief under any reasonable reading of complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

### B. Heightened Pleading Standards

Because this is a securities fraud action, the complaint must satisfy the heightened standards of Fed. R. Civ. P. 9(b) and the Private Securities Litigation Reform Act ("PSLRA"). Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004). Rule 9(b) requires pleading with particularity and the PSLRA requires more than rule 9(b) in two distinct ways: (1) when the complaint alleges something to be misleading, it must specify each misleading statement and what makes each statement misleading; and (2) for each act or omission alleged, the complaint must state particular facts establishing a strong inference that the defendant acted with the intention to mislead, deceive, or manipulate. See id. at 144-45.

## II. Defendants' Motion to Dismiss

### A. Defendants' Arguments

Defendants argue the Amended Complaint fails to establish violations of section 10(b) and 20(a) because, inter alia, the facts alleged in the Amended Complaint do not rise to material misrepresentations or omissions since the alleged "rounding scheme" was uncovered using wholly public information. In other words, the Lead Plaintiffs fraud on the market theory is thwarted by the Defendants truth on the market defense. What is more, this failure to establish violations of section 10(b) necessitates the failure of the 20(a) count because claims arising under section 20(a) are purely derivative of section 10(b) claims.

B. Lead Plaintiff's Arguments

Lead Plaintiff argues that, during FYs 2014-2018, the Company would publicly report (in earnings calls and 10-Q reports) its year-end EPS and the calculation undertaken to establish the EPS. However, the company was knowingly or recklessly overstating the EPS by manipulating the Company's income, allowing the company to round up the EPS to the nearest penny (and achieving consensus EPS estimates) instead of rounding down to the nearest penny (and falling short of consensus EPS estimates). Additionally, in FYs 2017 and 2018, the Amended Complaint alleges specific public statements made by Healthcare Services executives knowingly or recklessly misrepresented the facts or omitted material facts. These alleged statements referred to the Company's knowledge of the Monocle report, internal controls the Company had in place to prevent strategic rounding and book manipulation, and failure to disclose the SEC's investigation.

C. Analysis

A successful claim under Section 10(b) of the Securities Exchange Act and SEC Rule 10b-5 requires "(1) a material misrepresentation or omission; (2) made with scienter; (3) in connection with the purchase or sale of a security; (4) reliance by the plaintiff upon the misrepresentation or omission; (4) economic loss; and (5) a causal connection between the material misrepresentation and the loss." SEB Inv. Mgmt. AB v. Endo Int'l, PLC, 351 F. Supp. 3d 874, 893. (E.D. Pa. 2018) (citing Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 341-42 (2005)).

Section 20(a) of the Securities Exchange Act imposes joint and several liability upon individuals who control a person or entity that violated section 10(b) of the act. In re Suprema Specialties, Inc. Sec. Litig., 438 F.3d 256, 284 (3d Cir. 2006) (citing 15 U.S.C. § 78t(a)). To prevail on a section 20(a) claim, a plaintiff must prove that an individual or individuals controlled a person or entity that committed a primary violation of securities law (i.e., if no controlled person or entity violated the act, there can be no liability for a controlling person under section 20(a)). Id. at 285.

The Amended Complaint sufficiently pleads facts which satisfy the elements of a section 10(b) violation, and the control necessary for a section 20(a) violation.

Lead Plaintiff satisfies the pleading particularity requirements via the statements of three Confidential Witnesses

**AND IT IS SO ORDERED.**

***/s/ Eduardo C. Robreno***
**EDUARDO C. ROBRENO, J.**

who held various different roles in the Company. These Confidential Witnesses outlined the structure of the Company and the steps the Company would have taken to alter its quarterly EPS. Those allegations, when taken as true, establish the misrepresentations and scienter necessary for section 10(b). Plaintiffs may establish reliance by showing that they purchased or sold securities on an efficient market, which Lead Plaintiff has done. Semerenko v. Cendant Corp., 223 F.3d 165, 178. 3d Cir. 2000). This "fraud on the market" theory exists because otherwise proving reliance would be difficult in the securities setting because face-to-face transactions are rare, and lawsuits are brought by classes of investors. Id. Plaintiffs may prove loss causation by establishing a sufficient causal nexus between the loss and the alleged misrepresentations or omissions. EP Medsystems, Inc. v. EchoCath, Inc., 235 F.3d 865, 883 (3d Cir. 2000). The Amended Complaint sufficiently established this nexus by pointing out several occasions where the Company's stock price fell in the wake of corrective disclosures.

Finally, the statements of the Confidential Witnesses coupled with publicly available documents sufficiently plead the direct control the individual defendants had over the company necessary under section 20(a).