**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

UTAH RETIREMENT SYSTEMS,
Individually and on Behalf of All Others
Similarly Situated,

                Plaintiff,

      v.

HEALTHCARE SERVICES GROUP, INC.,
DANIEL P. MCCARTNEY, THEODORE
WAHL, JOHN C. SHEA, and MATTHEW J.
MCKEE,

                Defendants.

Case No. Case 2:19-cv-01227-ER

**LEAD PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S**
**APRIL 24, 2020 ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

**I.      INTRODUCTION**

Reconsideration is a judicially disfavored remedy that is rarely granted and is strictly reserved for unique, extraordinary circumstances. Rather than address any such extraordinary circumstances, Defendants' motion (ECF No. 45) ("Mot.") is a blatant and improper attempt to reargue a position that was already presented to and rejected by the Court.

Defendants cite no intervening change in controlling law. Defendants do not argue that the Court applied an incorrect legal standard or made a clear error of controlling law. Defendants also do not point to any facts overlooked by the Court. Instead, Defendants argue that the Court's April 24, 2020 Order (ECF No 42) (the "Order") was manifestly unjust because the Court ruled on their motion to dismiss without holding oral argument and because it relied on the Confidential Witness ("CW") allegations in the Amended Complaint for Violations of the

1

Federal Securities Laws (ECF No. 31) (the "Complaint").[1] Neither argument justifies the extraordinary relief requested.

First, Defendants appear to suggest that the Court did not give their motion to dismiss its full attention and that it was manifestly unjust for the Court to rule without oral argument. This argument ignores that this Court has broad discretion to determine whether to hold oral argument. Indeed, this Court's individual procedures provide that if this Court "determines that oral argument will be helpful in deciding a matter, he will schedule it, particularly when it involves a dispositive motion." *See* Outline of Pretrial and Trial Procedures Before Judge Eduardo C. Robreno (Jan. 15, 2020), at II.C.1 ("J. Robreno Proc."). Defendants' argument lacks any support and, moreover, any perceived failure to hold oral argument is not one of the delineated grounds upon which reconsideration may be granted.

Second, Defendants' argument that this Court's reliance on the CW allegations—as part of the Court's review of the totality of allegations and under the lens of a motion to dismiss— was manifestly unjust is meritless. To qualify as manifestly unjust, the Court's ruling must be observably and obviously in error. In fact, the level of error must be nearly indisputable, for example, where the Court misreads an uncontested fact. That is not the case here. Rather, after reviewing approximately 119 pages of briefing and over 500 pages of Defendants' exhibits, the Court drew a reasonable inference in Lead Plaintiff's favor based on the Complaint's detailed factual allegations, as it was required to do in resolving Defendants' motion to dismiss. Defendants' dissatisfaction with the (legally correct) result does not equate with manifest injustice.

---

[1] By limiting the motion to the CWs' allegations, Defendants ignore many additional allegations in the Complaint that, viewed holistically, provide the necessary support for Lead Plaintiff's claims.

In *United States v. Jasin*, Judge DuBois cautioned: "'[A]ny litigant considering bringing a motion to reconsider based upon ... [[a claim of clear] error and manifest injustice] should evaluate whether what may seem to be a clear error of law is in fact simply a disagreement between the Court and the litigant.'" 292 F. Supp. 2d 670, 676-77 (E.D. Pa. 2003) (alteration in original, nested bracket added) (citations omitted).  Defendants should have heeded this advice.  Defendants have articulated nothing more than a disagreement between themselves and the Court and thus fail to meet their heavy burden.  The Court should deny Defendants' motion for reconsideration.

## II.    ARGUMENT

A decision may be altered or amended only if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence [in the context of a] motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *See Jarzyna v. Home Props. L.P.*, 185 F. Supp. 3d 612, 621-22 (E.D. Pa. 2016) (Robreno, J.) (quoting *Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999)), *aff'd*, 783 Fed. App'x 223 (3d Cir. 2019).  "Disagreement with the Court's ruling is not proper grounds for a motion for reconsideration."  *Smith v. Unilife Corp.*, No. 13-5101, 2015 WL 115581, at *1 (E.D. Pa. Jan. 7, 2015).

As this Court cautioned in *Jarzyna*:

> Because of the court's interest in the finality of judgments, motions for reconsideration "should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." *PBI Performance Prods., Inc. v. NorFab Corp.*, 514 F.Supp.2d 732, 744 (quoting *Ciena Corp. v. Corvis Corp.*, 352 F. Supp. 2d 526, 527 (D. Del. 2005)).  Said differently, a motion for reconsideration may not be used to give a litigant a "second bite at the apple," *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995), and therefore should not be

3

"grounded on a request that a court rethink a decision already made." *In re Blood Reagents Antitrust Litig.,* 756 F. Supp. 2d 637, 639 (E.D. Pa. 2010); *see also United States v. Jasin,* 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003) ("[P]arties are not free to relitigate issues which the court has already decided." (quoting *Smith v. City of Chester,* 155 F.R.D. 95, 97 (E.D. Pa. 1993)).   Thus, a motion for reconsideration may address "only factual and legal matters that the Court may have overlooked" and may not "ask the Court to rethink what it had already thought through—rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (quoting *Ciba–Geigy Corp. v. Alza Corp.,* No. 91–5286, 1993 WL 90412, at *1 (D.N.J. Mar. 25, 1993)).

*Jarzyna*, 185 F. Supp. 3d at 622.  *See also Johnson v. BB & T Corp.*, No. 17-4490, 2018 WL 1518618, at *2 (E.D. Pa. Mar. 28, 2018) (finding, similarly, that "Third Circuit law is fairly clear that motions for reconsideration ... are to be granted sparingly because of the interests in finality and conservation of scarce judicial resources") (citations, alteration and internal quotation marks omitted).    Under these standards, Defendants have articulated no basis upon which reconsideration may be granted.

Defendants cite no intervening change in controlling law that compels a different result and no new evidence that the Court need consider.  Defendants also do not contend that the Court applied any incorrect legal standard, or that the Court must correct a clear error of law or fact.   Moreover, Defendants fail to point to any facts alleged in the Complaint that were overlooked by the Court.  Rather, Defendants attempt to argue that the Order was manifestly unjust by faulting the Court for not holding oral argument and disagreeing with the Court's conclusion regarding the sufficiency of the CW allegations.  Neither argument justifies the extraordinary relief requested.[2]

---

[2]  Defendants' cases, in fact, undercut their motion.  For example, *Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc.*, recognized that a motion for reconsideration is not brought on proper grounds when it seeks to "reconsider repetitive arguments that have [been] fully examined by the court," before granting reconsideration *to correct a clear error of law* made in the original ruling and to address "other dispositive motions" that were not considered by the court.  246 F. Supp. 2d 394, 398-99, 408 (E.D. Pa. 2002).  Neither of those occurred here.  Similarly, in *In re Energy Future Holdings Corp.*, 904 F.3d 298,

4

## A.  THE COURT HAS FULL DISCRETION TO FOREGO ORAL ARGUMENT

Defendants' criticism of the Court for not holding oral argument is meritless.  Local Rule 7.1(f) is clear: while any party may request oral argument, "[t]he court may dispose of a motion without oral argument."  This discretion is firmly established in this Circuit and is recognized in this Court's own pretrial procedures.[3]  Moreover, any perceived failure to hold oral argument is not one of the limited grounds for reconsideration.[4]  Accordingly, Defendants' request for oral argument on their already denied Rule 12(b)(6) motion *and* their present motion should be rejected.  *See United States ex rel. Ryan v. Endo Pharms.*, 27 F. Supp. 3d 615, 635 (E.D. Pa. 2014) (rejecting request for oral argument on motion for reconsideration: "we do not believe a hearing is warranted because there is no actionable basis for granting reconsideration in this case"), *aff'd sub nom. U.S. ex rel. Dhillon v. Endo Pharm*s., 617 Fed. App'x 208 (3d Cir. 2015).

---

316 (3d Cir 2018), the court noted that the decision below was "anomalous" due to that district court's clear error of fact—misunderstanding a factual matter that was, in fact, uncontested by the parties.

[3]  *See Berger v. Hahnemann Univ. Hosp.*, 765 Fed. App'x 699, 703-04 (3d Cir. 2019) ("rules such as Federal Rule of Civil Procedure 78 and Eastern District of Pennsylvania Local Rule 7.1(f) that grant a court the discretion to hold argument are consistent with due process"); *Elfeky v. Sec'y U.S. Dep't of Homeland Sec.*, 751 Fed. App'x 318, 322 (3d Cir. 2018) ("We acknowledge that district courts have broad discretion to decide a motion with or without oral argument, and our review of those decisions is for an abuse of that broad discretion."); *7 Eleven Inc. v. Sodhi*, 706 Fed. App'x 777, 779 (3d Cir. 2017) (rejecting "meritless" appeal for failure to hold oral argument and recognizing that "[t]he District Court has discretion to determine whether to hold oral argument on a motion"); *see also* J. Robreno Proc. at II.C.1.

[4]  The fact that the Court originally scheduled and continued oral argument is of no moment.  Courts routinely exercise their broad discretion to cancel previously scheduled hearings in order to decide motions on the papers.  Defendants' speculation about the impact of COVID-19 is irrelevant and, if anything, smacks of opportunism.  *See* Mot. at 8 (stating, in the first sentence of their brief: "Amid the State of Emergency caused by the COVID-19 pandemic, the Court entered an order on the papers denying Defendants' Motion to Dismiss without the benefit of oral argument.").

**B. THE COURT'S APRIL 24 ORDER WAS WELL SUPPORTED AND DEFENDANTS FAIL TO DEMONSTRATE HOW THE DECISION IS PATENTLY UNFAIR, TAINTED, OR DIRECTLY, OBVIOUSLY OR OBSERVABLY IN ERROR**

Where the basis of the motion for reconsideration is to correct a manifest injustice, the party must establish that not only was the prior decision wrong, "but that it was clearly wrong and that adherence to that decision would create manifest injustice." *In re City of Phila. Litig.*, 158 F.3d 711, 718 (3d Cir. 1998). While the Third Circuit has not definitively circumscribed the "manifest injustice" standard,[5] courts within this Circuit have applied the Black's Law Dictionary definition, which defines "manifest injustice" as "an error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds." *In re Titus*, 479 B.R. 362, 367-68 (Bankr. W.D. Pa. 2012) (citation omitted). Thus,

> [a] party may only be granted reconsideration based on manifest injustice if the error is apparent *to the point of being indisputable*. In order for a court to reconsider a decision due to "manifest injustice," the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it.

*Id.* (emphasis added) (citation omitted); *see also Black Bear Energy Servs., Inc. v. Youngstown Pipe & Steel, LLC*, No. 15-50, 2017 WL 2985432, at *6 (W.D. Pa. July 13, 2017) ("Manifest injustice [g]enerally [ ] means that the Court overlooked some dispositive factual or legal matter that was presented to it …[or] occur[s] where there is an error in the trial court that is direct, obvious, and observable.") (some alteration added) (citations and internal quotation marks omitted). Here, Defendants do not come close to meeting this heavy burden.

---

[5] *See Conway v. A.I. duPont Hosp. for Children*, No. 04-4862, 2009 WL 1492178, at *6 (E.D. Pa. May 26, 2009).

Far from being indisputability incorrect or obviously in error, the Court's ruling with respect to the CW allegations reflects the proper weighing of the allegations and inferences under the heightened pleading standard imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA").  Tellingly, Defendants point to no clear error of law or change in controlling authority, but instead, they recycle previously raised arguments to challenge this Court's consideration of the CW allegations.  But after reviewing 119 pages of briefing, with an additional 500-plus pages of Defendants' exhibits, this Court properly considered and rejected Defendants' challenges to the CW allegations.  There is simply nothing in the present motion— let alone anywhere else in the record—demonstrating how the Court's April 24, 2020 ruling was tainted or directly, obviously and observably in error.

As noted, Defendants cite no new controlling authority to justify reconsideration.  Rather, Defendants cite *Teamsters Local 456 Pension Fund v. Universal Health Servs.*, No. 17-2817, 2020 WL 2063474 (E.D. Pa. Apr. 29, 2020), in an attempt to recycle previously made and previously available arguments.[6]  *Teamsters*, however, is not controlling on this Court and, thus, does not provide a proper basis for reconsideration.

Moreover, even if the Court were to consider the case, *Teamsters* is inapposite both procedurally and factually.  As a procedural matter, while Defendants here ask the Court to reconsider its conclusion that the CW allegations satisfied the PSLRA, the *Teamsters* court

---

[6]  All of the additional authority cited by Defendants was either previously cited or available for citation during the Rule 12(b)(6) briefing, including the original order of dismissal of the action in *Teamsters*, which involved essentially the same issues with respect to the sufficiency of plaintiffs' confidential witness allegations in that action.  *See Teamsters Local 456 Pension Fund v. Universal Health Servs.*, 396 F. Supp. 3d 413 (E.D. Pa. 2019) (finding, on August 19, 2019—three months before Defendants filed their motion to dismiss here—that allegations of confidential witnesses there did not support an inference of defendants' scienter).  The Court should reject Defendants' attempt to "rehash arguments which have already been briefed by the parties and considered and decided by the Court."  *Jarzyna*, 185 F. Supp. 3d at 625 (citations omitted).

analyzed confidential witness allegations under Rule 15(a)'s futility analysis.  *See* 2020 WL 2063474, at *8.  That is, plaintiffs there were seeking leave to amend based on allegations from two new former employees of the defendant corporation; the court declined the request because the two witnesses did not change the overall analysis of the sufficiency of the allegations.  *Teamsters* offers no support whatsoever for Defendants' assertion that a court should reevaluate its decision regarding the sufficiency of the allegations on a motion for reconsideration without any change in controlling authority, new evidence, or a clear error of law.  *See Jarzyna*, 185 F. Supp. 3d at 621-22.

*Teamsters* also involved inapposite factual allegations.  There, in attempting to revive a dismissed complaint, plaintiffs sought to add allegations from two former employees of the defendant corporation and focused their new allegations primarily on meetings that unspecified corporate-level employees "sometimes attended" but failed to include "any contentions that [the defendants were involved] in any of the alleged misconduct."  *Teamsters*, 2020 WL 2063474, at *13-14.  Here, as the Court has already concluded, Lead Plaintiff's CW allegations "outlined the structure of the Company and the steps the Company would have taken to alter its quarterly EPS."  Order at 4.  Indeed, unlike *Teamsters*, the Complaint here does not rely exclusively on CW allegations to support its claims of Defendants' control and dominance over Healthcare Services Group, Inc. through familial and close personal connections.  Rather, the CW allegations support a host of allegations, the totality of which, demonstrate Defendants' control and actions.  *Teamsters* cannot support reconsideration.

Even if this Court were to revisit the issue of the CW allegations through the restricted lenses that Defendants' suggest, reconsideration is still not warranted because the Court properly found that the CW allegations support Lead Plaintiff's claims.  Moreover, Defendants' request

for reconsideration of the Court's ruling on the CW allegations would not result in a dismissal of this action in its entirety.  By focusing solely on the CWs—who provide one of several bases of support for Lead Plaintiff's "EPS" allegations—Defendants do not challenge this Court's ruling concerning Defendants' alleged failure to disclose the SEC Investigation.

Finally, while Defendants recycle arguments from their prior hundreds of pages of submissions, Lead Plaintiff need not answer in kind.  Lead Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss (ECF No. 38) ("Opp.") more than adequately sets forth why the allegations in the Complaint—including the detailed allegations concerning the CWs—sufficiently plead a claim for securities fraud against Defendants.[7]  As set forth therein, the Complaint alleges sufficient facts to state a claim that is plausible on its face.  *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 37-38, 45 n.12 (2011).  Thus, it is no surprise that after accepting all well-pleaded allegations in the Complaint as true and viewing them in the light most favorable to Lead Plaintiff, this Court properly denied Defendants' motion to dismiss in its entirety.  *See* Order; *see also Semerenko v. Cendant Corp.*, 223 F.3d 165, 180 (3d Cir. 2000).  Nothing Defendants now argue supports the extraordinary relief of reconsideration.

### III.    CONCLUSION

Lead Plaintiff respectfully requests that this Court deny Defendants' motion for reconsideration in its entirety.

---

[7]  *See* Opp. at 3-10, 13-19 (describing, *inter alia*, EPS manipulation allegations), 30 (addressing CWs), 36-39 (noting, within broader discussion of scienter allegations, how CW allegations support an inference of scienter).

DATED:  May 22, 2020

SCHNADER HARRISON SEGAL & LEWIS LLP

/s/ Ira Neil Richards
Ira Neil Richards
Arleigh P. Helfer III
1600 Market Street, Ste. 3600
Philadelphia, PA 19103
Telephone: (215) 751-2503
Facsimile:  (215) 751-2205
Email: irichards@schnader.com
Email: ahelfer@schnader.com

*Counsel for Lead Plaintiff Utah Retirement Systems & Liaison Counsel for the Class*

and

BERMAN TABACCO
Nicole Lavallee (*Pro Hac Vice*)
Victor S. Elias (*Pro Hac Vice* to be submitted)
44 Montgomery Street, Suite 650
San Francisco, CA  94104
Telephone: (415) 433-3200
Facsimile:  (415) 433-6382
Email: nlavallee@bermantabacco.com
Email: velias@bermantabacco.com

BERMAN TABACCO
Patrick T. Egan (*Pro Hac Vice*)
Steven J. Buttacavoli (*Pro Hac Vice*)
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile:  (617) 542-1194
Email: pegan@bermantabacco.com
Email: sbuttacavoli@bermantabacco.com

*Counsel for Lead Plaintiff Utah Retirement Systems & Lead Counsel for the Class*