**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UTAH RETIREMENT SYSTEMS, et al.,   :
                                       :
               Defendants      :    CIVIL ACTION
                                         :
      v.                      :    NO. 19-1227
                                         :
HEALTHCARE SERVICES GROUP, INC.,   :
et al.,                          :
                                       :
             Plaintiffs       :

**O R D E R**

**AND NOW**, this **13th** day of **July, 2020**, upon consideration of Defendants' motion for reconsideration (ECF No. 45) and the response thereto, it is hereby **ORDERED** that the motion is **DENIED.**[1]

---

[1]      A Motion for Reconsideration will be granted when the party seeking reconsideration establishes "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [issued its previous decision]; or (3) the need to correct a clear error of law or fact or prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

      Defendants have moved for reconsideration, based on manifest injustice, of this Court's April 24, 2020 order denying their motion to dismiss.

      On the merits, Defendants rehash arguments that were or could have been made in the motion to dismiss. As such, their arguments appear to be an improper attempt to procure "a second

**AND IT IS SO ORDERED.**


                                */s/ Eduardo C. Robreno*
                                **EDUARDO C. ROBRENO,   J.**

---

bite of the apple" and, therefore, fail to demonstrate manifest injustice. Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995).

Defendants further argue that the Court was manifestly unjust in exercising its discretion to deny their request for oral argument. While "[a]ny interested party may request oral argument on a motion," "[t]he court may dispose of a motion without oral argument." Loc. R. Civ. P. 7.1(f). Here, in light of the pandemic and the ample and sufficient briefing of the motion to dismiss by the parties, the Court's exercise of its discretion to forgo oral argument clearly does not create manifest injustice.

Thus, the motion for reconsideration must be denied.