**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UTAH RETIREMENT SYSTEMS,<br><br>    Plaintiff,<br><br>v.<br><br>HEALTHCARE SERVICES GROUP, INC., DANIEL P. MCCARTNEY, THEODORE WAHL, JOHN C. SHEA, and MATTHEW J. MCKEE,<br><br>    Defendants. | Case No. 2:19-cv-01227-ER |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, Lead Plaintiff Utah Retirement Systems ("Lead Plaintiff") and Defendants Healthcare Services Group, Inc., Daniel P. McCartney, Theodore Wahl, John C. Shea, and Matthew J. McKee ("Defendants") (together, "the Parties") anticipate that the case is likely to involve the disclosure of confidential information, including trade secret and other nonpublic technical, commercial, financial, personal, and business information, the disclosure of which could result in harm that may be significant to the producing party's business and its competitive position, and for which there exists a good-faith claim of protection from disclosure under *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994), and other applicable federal law.

NOW, THEREFORE, the Parties stipulate and agree to abide by the following Stipulated Protective Order ("Protective Order") to govern the use of documents and testimony obtained during the above captioned lawsuit ("the Action").  It is agreed among the Parties as follows:

1

1.      The terms and conditions of this Protective Order shall govern the production, handling, and filing of all information, documents,[1] testimony, or other things that are subject to discovery in this action (collectively, "Discovery Materials") that contain proprietary, confidential, trade secret, or commercially sensitive information, as well as any copies, excerpts, summaries, derivations or compilations of any of the foregoing contained in any pleadings, reports, discovery responses, correspondence, documents or things.

2.      As used herein, "Producing Party" shall refer to any party, including third parties to this action as well as non-parties, who discloses and/or produces any Discovery Materials in this action.  "Receiving Party" shall refer to any party that receives Discovery Materials from a Producing Party in this action.

3.      If a Producing Party determines in good faith that Discovery Materials contain or reflect information received in confidence from third parties, and/or confidential research, development, or commercial information for which there exists a good-faith claim of protection from disclosure under *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994), and other applicable federal law, the Producing Party may designate such Discovery Materials as "Confidential" for protection under this Order by stamping, placing, or affixing on such Discovery Materials in a manner, which will not interfere with its legibility, the following or similar legend:  "CONFIDENTIAL" or "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" (hereinafter "Confidential Information").  If a Producing Party determines in good faith that Discovery Materials contain or reflect highly sensitive business or personal

---

[1] The term "document" shall be defined to the broadest extent permitted by law. Without limitation, "document" includes: papers, contracts, notes, memoranda, correspondence, letters, statements, invoices, reports, data, studies, records, photographs, diaries, tapes, e-mail, and all other written, printed, recorded, or other tangible matter, whether in paper or electronic form.

2

information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party, the Producing Party may designate such Discovery Materials as "Highly Confidential" for protection under this Order by stamping, placing, or affixing on such Discovery Materials in a manner, which will not interfere with its legibility, the following or similar legend:  "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" (hereinafter "Highly Confidential Information").  Such legends shall be marked on every page or thing for which protection under the designation is sought, or by any other method agreed to in writing by counsel for the Producing Party and Receiving Party.

4.      All Confidential or Highly Confidential Information shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 5 and Paragraph 6, respectively, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Protective Order of the Court.  In addition, nothing in this Order shall prevent any producing party from using or disclosing its own Confidential or Highly Confidential Information (including deposition, hearing, or trial testimony offered by that party and/or its officers, directors, or employees) as it deems appropriate.

5.      Confidential Information and the contents of Confidential Information may be disclosed only to the following individuals under the following conditions:

     a.  Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

3

b. Outside experts or consultants retained by outside counsel for purposes of this action, provided that they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

c. Secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;

d. The Court and court personnel, any appellate court in this Action, and jurors, prospective jurors, and alternate jurors in this Action;

e. Any special master, mediator or arbitrator engaged by the parties or authorized by the Court for purposes of mediation, arbitration or other dispute resolution regarding issues arising in this action;

f. Any deponent, witness, or prospective witness (and counsel for any such witness) may be shown or examined on any information, document, or thing designated Confidential if it appears from the document or metadata that the witness authored or received a copy of it, was referenced in the document, was involved in the subject matter described therein or is employed by the party who produced the information, document, or thing, or if the producing party consents to such disclosure;

g. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial, and/or hearings, including, but not limited to, court reporters, litigation support personnel, jury consultants (including mock jurors), individuals to prepare demonstrative and audiovisual aids for use in the courtroom or depositions or mock jury sessions, as well as their staff,

4

stenographic, and clerical employees whose duties and responsibilities require access to such materials;

h.  The parties.  In the case of parties that are corporations, other business entities, or a governmental body, "party" shall mean executives, officials, or members of a board of directors or other governing board who are required to participate in decisions with reference to this lawsuit; and

i.  Such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

6.      Highly Confidential Information and the contents of Highly Confidential Information may be disclosed only to the following individuals under the following conditions:

a. Outside counsel;

b. The parties:

    a.  Lead Plaintiff, but limited to the Executive Director and in-house counsel, to the extent that counsel is participating in the prosecution or defense of this Action, and any staff necessary to facilitate the review of such documents by the Executive Director and/or in house counsel;

    b.  Defendants Daniel McCartney, Theodore Wahl, John Shea, and Matthew McKee; and

    c.  Defendant Healthcare Services Group, Inc. ("HCSG"), but limited to in-house counsel, to the extent that counsel is participating in the prosecution or defense of this Action, and any staff necessary to facilitate the review of such documents by in house counsel.

c.  Outside experts or consultants retained by outside counsel for purposes of this action, provided that they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

d.  Secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;

e.  The Court and court personnel, any appellate court in this Action, and jurors, prospective jurors, and alternate jurors in this Action;

f.  Any special master, mediator or arbitrator engaged by the parties or authorized by the Court for purposes of mediation, arbitration or other dispute resolution regarding issues arising in this action;

j.  Any witness, or prospective witness (and counsel for any such witness) may be shown or examined on any information, document, or thing designated Highly Confidential if it appears from the document or metadata that the witness authored or received a copy of it, or if the producing party consents to such disclosure, but a person identified solely in this subparagraph may not be permitted to retain copies of any Highly Confidential Information;

g.  Any deponent (and counsel for any such deponent) may be shown or examined on any information, document, or thing designated Highly Confidential if it appears that the witness authored or received a copy of it, was referenced in the document, was involved in the subject matter described therein or is employed by the party who produced the information, document, or thing, or if the producing party consents to such disclosure, but

a person identified solely in this subparagraph may not be permitted to retain copies of any Highly Confidential Information; and

h. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial, and/or hearings, including, but not limited to, court reporters, litigation support personnel, jury consultants (including mock jurors), individuals to prepare demonstrative and audiovisual aids for use in the courtroom or depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;   and

i. Such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

7.    Confidential or Highly Confidential Information shall be used only by individuals permitted access to it under Paragraph 5 or Paragraph 6, respectively.  Confidential or Highly Confidential Information, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality consents; or (b) the Court orders such disclosure.

8.    With respect to any depositions that may involve a disclosure of Confidential or Highly Confidential Information, the designating party may, on the record at a deposition, or within thirty (30) days after receipt of the deposition transcript, inform all other parties which portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties.  No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 6 above and the deponent during these thirty

(30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 6 above during said thirty (30) days.  Upon informing all parties of the portions of a deposition that are to be designated as Confidential or Highly Confidential Information, the designating party shall notify the court reporter of those designations and shall be responsible for ensuring that, within seven (7) days, the court reporter circulates a copy of the transcript with a cover that contains a prominent notice that the transcript contains Confidential or Highly Confidential Information and an index noting the page and line references of any such designations.

9.      If counsel for a party receiving documents or information designated as Confidential or Highly Confidential Information hereunder objects to such designation of any or all of such items, the following procedure shall apply:

      a.  Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection.  Counsel for the designating party or third party shall respond in writing to such objection within seven (7) days and shall state with particularity the grounds for asserting that the document or information is Confidential or Highly Confidential Information.  If no timely written response is made to the objection, the challenged designation will be deemed to be void.  If the designating party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

8

b.  If a dispute as to a Confidential or Highly Confidential designation of a document or item of information cannot be resolved by agreement, the party challenging the designation may file a motion for an order regarding the challenged designation.  The Producing Party that designated the material Confidential or Highly Confidential shall have the burden of establishing the confidential nature of the material pursuant to *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994).  Until the Court rules on the challenge, the material shall be treated pursuant to the Confidential or Highly Confidential designation given to it.  A Receiving Party shall not be obligated to challenge the propriety of a designation at the time it is made, and the failure to do so shall not preclude a subsequent challenge thereto or constitute a waiver or agreement or be argued to be an admission that the designation is in fact appropriate.

10.  This Protective Order shall serve as continuing permission of the presiding judge under Local Civil Rule 5.1.5 for a party to file documents that may be exhibits to pleadings, memoranda, or supporting documents that have been designated as Confidential under seal, without having to move the Court for an order granting leave to file under seal each time that Confidential is included in a submission or filing.  If the party filing this material is not the proponent of the confidentiality designation, it will be sufficient grounds to state that the material has been designated as Confidential or Highly Confidential by another party or third party.  Any hard-copy (paper) documents required to be filed under seal shall be placed in an envelope bearing the following:

> "This document is filed Under Seal in *Utah Retirement Systems v. Healthcare Services Group et al.*, pending in U.S. District Court for the

Eastern District of Pennsylvania, Docket No. 2:19-cv-01227-ER, pursuant to an Order entered on the ___ day of _____, 2020, by the Honorable Eduardo C. Robreno.

This document contains Confidential or Highly Confidential Information within the meaning of that Order.  Unless ordered by the Court, no person other than Court personnel and attorneys of record for the Parties shall have access to the contents of this envelope."

11.      Any party or third party wishing to object to the Confidential or Highly Confidential designation of specific materials having been filed under seal may do so by serving written objections upon the designating party's counsel.  The designating party shall thereafter, within ten (10) days, respond to such objection by either (i) agreeing to remove the designation; or (ii) stating with particularity the reason(s) for such designation.  If the parties are unable to agree upon the terms and conditions of the disclosure of the material(s) at issue, the objecting party may move the Court for an order withdrawing the designation(s) on which the parties could not agree.  Such motion must be made no later than twenty-one (21) days after the objection to the sealed filing, unless leave is granted by the Court to do so at a later date.  The proponent of sealing the materials will have fourteen (14) days to respond to any such motion.  There will be no reply without leave of Court.

12.      If the need arises during trial or at any hearing before the Court for any party to disclose Confidential or Highly Confidential Information, it may do so only after giving reasonable notice to the producing party or as otherwise directed or approved by the Court.  In addition, no fewer than thirty (30) days before the date upon which the parties are directed to submit a Joint Pretrial Order in this action, the parties shall meet and confer to negotiate a proposal for Court approval addressing the treatment of material previously designated

Confidential or Highly Confidential at trial.  To the extent the parties fail to agree on a proposal addressing the use of such material at trial, they may submit alternative proposals to the Court for resolution.

13.    To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential or Highly Confidential Information that should have been designated as such, regardless of whether the information, document, or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document, or thing disclosed, or as to any other material or information concerning the same or related subject matter.  Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Highly Confidential within a reasonable time after disclosure.  Such notice shall constitute a designation of the information, document, or thing as Confidential or Highly Confidential under this Protective Order.

14.    Pursuant to Fed. R. Evid. 502(d), the production of any document in this action, whether inadvertent or otherwise, by any party or non-party that the producing party or producing non-party later claims should have been withheld on grounds of a privilege, including attorney-client privilege and the work product doctrine (collectively referred to hereinafter as "Disclosed Protected Information"), will not be deemed to waive any privilege or work product protection in this action or in any other federal or state proceeding.  This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review

of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

15.     The party asserting privilege shall notify all recipients in writing of the specific Disclosed Protected Information that has been produced ("Claw-Back Notice").  The Disclosed Protected Information shall either be returned to the party asserting privilege or, if produced in electronic format, reasonable efforts shall be taken to delete or otherwise permanently remove such Disclosed Protected Information from any systems used to house documents, including document review databases, e-rooms, and any other locations that store the Disclosed Protected Information, provided, however, that the party may retain the Disclosed Protected Information until the resolution of any challenge to the claw-back under the procedures set forth in Paragraph 16 below.

16.     The party asserting privilege will provide a privilege log to the receiving party within (5) business days of sending the Claw-Back Notice.  If the receiving party contests the claim of attorney-client privilege or work product protection, the receiving party must within ten (10) days of receiving the privilege log concerning the clawed-back information, meet and confer with the party asserting privilege to attempt to resolve the claim of protection with respect to the Disclosed Protected Information.  If resolution cannot be reached, the receiving party must, within fourteen (14) days of the receipt of the claw-back privilege log, move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). The Disclosure Motion must be filed under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure.  Pending resolution of the Disclosure Motion, the receiving party must not use the challenged information in any way or disclose it to

12

any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

17.     If a receiving party is in receipt of a document from a producing party which the receiving party has reason to believe is privileged or protected, the receiving party shall in good faith take reasonable steps to promptly notify the producing party of the production of that document so that the producing party may make a determination of whether it wishes to have the document designated as Disclosed Protected Information subject to this Protective Order.

18.     No information that is in the public domain or which is already known by the receiving party through proper means, or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential or Highly Confidential Information under this Protective Order.

19.     If in any proceeding other than this litigation, a person or entity should subpoena or otherwise request a party to produce Confidential or Highly Confidential Information received from another party or third party, the party receiving the subpoena or request shall promptly notify the producing party in writing.  Should the producing party seek relief from the subpoena or request, the party that received the subpoena or request shall not produce the material in question until the matter is resolved by the producing party or unless ordered by the Court.

20.     This Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground.  This Protective Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

21.    Nothing in this Protective Order is intended, or shall be construed, to prevent any Party or other person from cooperating with any investigation or proceeding conducted by any governmental agency.

22.    Subject to Local Rule 5.1.5(c), this Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

23.    Within ninety (90) days after final conclusion of all aspects of this action, including any appeals, upon written request, any party and all persons who received (or tendered to other person) documents or materials designated for Confidential or Highly Confidential treatment (or any copy thereof) must (i) return such documents and materials to the producing party or (ii) certify in writing to counsel to the producing party that the receiving party or such person(s) has destroyed those documents and materials and the portions of all other material containing Confidential or Highly Confidential Information.  Notwithstanding these provisions, counsel shall be permitted to retain copies of court filings, papers served in connection with this action, transcripts (including deposition transcripts), exhibits and work product containing or reflecting Confidential documents or materials.  Any retained Confidential or Highly Confidential Information shall continue to be protected under this Order.

**Dated:  June 26, 2020**                                    **Respectfully submitted,**


___s/Ira Neil Richards_____         ____s/Robert L. Hickok_____
Ira Neil Richards                                Robert L. Hickok (PA Bar No. 30101)
Arleigh P. Helfer III                            Jay A. Dubow (PA Bar No. 41741)
SCHNADER HARRISON SEGAL &                        Joanna J. Cline (PA Bar No. 83195)
LEWIS LLP                                        Daniel J. Boland (PA Bar No. 91263)
1600 Market Street, Ste. 3600                    PEPPER HAMILTON LLP

14

Philadelphia, PA 19103
Telephone: (215) 751-2503
Email: irichards@schnader.com
Email: ahelfer@schnader.com

*Counsel for Lead Plaintiff Utah Retirement*
*Systems & Liaison Counsel for the Class*

and

Nicole Lavallee (Pro Hac Vice)
Victor S. Elias (Pro Hac Vice to be submitted)
BERMAN TABACCO
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200 Email:
nlavallee@bermantabacco.com
velias@bermantabacco.com

Patrick T. Egan (Pro Hac Vice)
Steven J. Buttacavoli (Pro Hac Vice)
BERMAN TABACCO
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194 Email:
pegan@bermantabacco.com
sbuttacavoli@bermantabacco.com

*Counsel for Lead Plaintiff Utah Retirement*
*Systems & Lead Counsel for the Class*

3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000
Email: hickokr@pepperlaw.com
Email: dubowj@pepperlaw.com
Email: clinej@pepperlaw.com
Email: bolandd@pepperlaw.com

*Attorneys for Defendants Healthcare Services*
*Group, Inc., Daniel P. McCartney, Theodore*
*Wahl, John C. Shea, and Matthew J. McKee*

**SO ORDERED.**

Dated: **07/28/2020**          */s/ Eduardo C. Robreno*
                              **HON. EDUARDO C. ROBRENO, S.U.S.D.J.**

15

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| UTAH RETIREMENT SYSTEMS,<br><br>        Plaintiff,<br><br>v.<br><br>HEALTHCARE SERVICES GROUP,<br>INC., DANIEL P. MCCARTNEY,<br>THEODORE WAHL, JOHN C. SHEA,<br>and MATTHEW J. MCKEE,<br><br>        Defendants. | Case No. 2:19-cv-01227-ER |

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, being duly sworn, state that:

1. I have carefully read and understood the provisions of the Protective Order in this case signed by the Court, and I will comply with all provisions of the Protective Order.

2. I will hold in confidence and not disclose to anyone not qualified under the Protective Order any Confidential or Highly Confidential Information or any words, summaries, abstracts, or indices of Confidential or Highly Confidential Information disclosed to me.

3. I will limit use of Confidential or Highly Confidential Information disclosed to me solely for purpose of this action.

4. I hereby submit to the jurisdiction of the United States District Court for the District of Pennsylvania for purposes of enforcement of the Protective Order.

16

I declare under penalty of perjury that the foregoing is true and correct.


Dated this _____ day of _____, _____.


_____
Name (Print)


_____
Signature