**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UTAH RETIREMENT SYSTEMS,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHCARE SERVICES GROUP, INC., DANIEL P. MCCARTNEY, THEODORE WAHL, JOHN C. SHEA, and MATTHEW J. MCKEE,<br><br>Defendants. | Case No. 2:19-cv-01227-ER |

**<u>STIPULATED REMOTE DEPOSITION PROTOCOL</u>**

Subject to the Local Rules of the United States District for the Eastern District of Pennsylvania, the Federal Rules of Civil Procedure, all Scheduling Orders, and any other applicable case orders or rules (which remain in full force and effect), the Parties agree, for the limited period of time in which live depositions are not permitted or feasible due to the COVID-19 pandemic, that remote depositions may proceed subject to the following:

1.    **<u>Witnesses Subject to Remote Deposition</u>**.  The Parties agree that depositions may be conducted remotely using videoconference technology.

2.    **<u>Presence of Others and Communication with Deponent</u>**.  No individual, other than the witness's own attorney, should the witness choose to have his or her counsel present, shall be physically present in the same room as the witness while the witness is giving testimony on the record, unless otherwise agreed to by all Parties.  No individual shall communicate with the witness via outside means, including, but not limited to, electronic message, text message, or voice call, while the witness is giving deposition testimony on the record, regardless of whether or not a

question is then pending before the witness.  During deposition breaks, the witness may communicate with his or her counsel via the aforementioned outside means or may consult with his or her counsel in accordance with and to the extent permitted by the Federal Rules of Civil Procedure, any applicable order, and the Local Rules.  Once the break has concluded, the witness shall follow the requirements set forth in Paragraph 10, below.  Notwithstanding the above, the court reporter and/or videographer may be physically present in the room with the witness and his or her counsel to the extent all said individuals are comfortable doing so and can safely do so in accordance with recommended social distancing protocols.

3.    **Presence of Court Reporter and Administration of Required Oath**.  The court reporter need not be physically present with the witness during the deposition or located in the same state and may administer the oath remotely.

4.    **Required Technology**.  As further discussed below, remote depositions shall be conducted such that all Participants (defined in Paragraph 6 below) will have access to real time audio, video, and live transcription feeds of the deposition and all exhibits shown to the witness. The witness and all Participants in a remote deposition must have access to the following technology:

(a)    A reliable Internet connection capable of supporting video feeds;

(b)    Computer or personal tablet with a camera; and

(c)    Telephone and/or audio capabilities through computer or tablet.

If the witness or any Participant does not have access to this technology, that person or their counsel must notify counsel for the noticing party as soon as practicable, and at least five (5) business days in advance of the deposition date.  Upon receiving such notice, the party noticing

-2-

the deposition must work in good faith to provide access to the requisite technology.  Counsel for

Plaintiff and Defendants all have access to this technology.

5.    **Use of Technology by Witness**.  Apart from the technology needed to participate

in the remote deposition, as set forth in Paragraph 4, above, the witness shall not use any

technology, including, but not limited to, a computer, personal tablet, smartphone or smartphone

extension (such as a smartwatch), while giving deposition testimony on the record.  This provision

does not prohibit the witness from using such technology to view the deposition exhibits during

live testimony or to communicate with his or her counsel before the deposition, during breaks, or

after the deposition, when the witness is not providing sworn testimony on the record, in

accordance with and to the extent permitted by the Federal Rules of Civil Procedure, any applicable

order, and the Local Rules.

6.    **Deposition Participation**.  The designated deposition service shall provide

invitations and access to the remote deposition to the witness and all attorneys participating in the

deposition, including, as requested, counsel of record and attorneys/staff assisting counsel of

record, personal counsel for the witness (if any), and one (1) corporate representative designee for

each of Plaintiff and Defendants ("Participants").  This invitation to the deposition cannot be

forwarded to anyone other than individuals who are employed by the Participants for purposes of

assisting with the deposition.  All Participants may appear on the video feed but all Participants

(other than the witness) shall remain on mute unless they are speaking.

7.    **Deposition Exhibits**.  The exchange of deposition exhibits shall comply with the

Stipulated Protective Order and the Stipulated Qualified Protective Order (the "POs") in place in

this case and the questioning attorney shall take all necessary steps to ensure the secure and safe

transmission of any documents containing protected health information or other personally

identifiable information in accordance with the POs.  The Parties agree to the following method for exchanging exhibits:

(a)    Counsel noticing the deposition shall mail hard copies of documents that may be used during the deposition to the deponent's counsel and the other Party's counsel by 12:00 pm local time at least one (1) business day before the deposition.  Noticing counsel shall so inform the deponent's counsel and the other Party's counsel prior to mailing the documents and shall provide tracking information for the package.  Counsel for the deponent and the other Party's counsel shall confirm receipt of the package by electronic mail to Counsel noticing the deposition. Every recipient of a mailed package shall keep the package sealed until the deposition begins and shall only unseal the package on the record, on video, and during the deposition when directed to do so by the counsel taking the deposition.  If the examining attorney utilizes hard copies of documents during the deposition, electronic copies of the exhibits will be made available during the deposition to any attendees via the court reporting vendor's remote deposition platform, sharing software, or other electronic means.

(b)    Counsel noticing the deposition shall be responsible for ensuring the court reporter has a complete set of exhibits used during a deposition.

This provision shall not preclude any examining attorney(s) from utilizing during the deposition electronic versions of the exhibits previously exchanged or utilizing electronic versions of unanticipated exhibits where reasonably necessary.  All deponents receiving documents before or during a deposition shall at the conclusion of the deposition destroy any documents used or submitted as potential exhibits that were not produced by such party.  All persons receiving documents before or during a deposition that were not marked as exhibits during the deposition shall destroy all such documents without reviewing them, and confirm such

destruction by email to counsel noticing the deposition. The court reporter will circulate with the final transcript a complete set of the as-marked exhibits.

8. **Videographer**. To the extent that the noticing party desires the deposition to be videotaped, that party shall arrange for the use of a videographer, provide notice in the notice of deposition or subpoena of such intent, and only videotape those portions of the deposition that are on the record. The videographer shall also attend and be given access to participate in the remote deposition. No Participant may otherwise record or capture by audio or videotape the deposition.

9. **Live Feed**. All Participants involved in a remote deposition shall have access to a live feed of the questioning and testimony provided by the court reporter, if desired.

10. **Breaks**. Deposition breaks shall not be recorded and all videoconference and telephone lines shall be muted during deposition breaks. The witness shall affirm prior to the start and at the conclusion of each break that no one is physically present in the room with him or her (except as provided by this Protocol or previously agreed to by all Parties).

11. **Technological Issues**. Should technological issues arise during the course of the remote deposition that cannot be resolved in less than an hour, the deposition will adjourn, and the Parties shall meet-and-confer regarding continuing and completing the remote deposition.

12. **Notice of Deposition**. The Notice of Deposition shall include notice that the deposition shall proceed remotely and how the deposition shall be recorded, including, but not limited to, whether the deposition will be videotaped. All remote deposition notices must identify the remote deposition vendor that will host and record the remote deposition and contain a general description of how those attending may access the remote connection being utilized (e.g., GoToMeeting, Zoom, WebEx). The party noticing the deposition shall make best efforts to provide the witness and all other attendees with detailed instructions regarding how to participate

in the Remote Deposition at least three (3) calendar days before the deposition, including the minimum technical specifications required for the secure and uninterrupted use of the platform, and the names and contact information of individuals who will support the deposition and who can answer questions about technical requirements.   This Remote Deposition Protocol shall be included with the Notice of Deposition and provided to the witness, who will be bound by this Remote Deposition Protocol and the Stipulated Protective Order.

13.    **Use of Testimony**.  The Parties agree that these video-recorded remote depositions may be used at a trial or hearing to the same extent that an in-person deposition may be used at a trial or hearing, and the Parties agree not to object to the use of these video recordings on the basis that the deposition was taken remotely.  The Parties reserve all other objections to the use of any deposition testimony at trial.

Date:  December 3, 2020

Respectfully submitted,


/s/ Patrick T. Egan

Ira Neil Richards
Arleigh P. Helfer III
SCHNADER HARRISON SEGAL &
LEWIS LLP
1600 Market Street, Ste. 3600
Philadelphia, PA 19103
Telephone: (215) 751-2503
Email: irichards@schnader.com
Email: ahelfer@schnader.com

*Counsel for Lead Plaintiff Utah Retirement
Systems & Liaison Counsel for the Class*

and


Nicole Lavallee (Pro Hac Vice)
Jeffrey V. Rocha (Pro Hac Vice submitted)
BERMAN TABACCO
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Email: nlavallee@bermantabacco.com
jrocha@bermantabacco.com

Patrick T. Egan (Pro Hac Vice)
Steven J. Buttacavoli (Pro Hac Vice)
BERMAN TABACCO
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email: pegan@bermantabacco.com
sbuttacavoli@bermantabacco.com
*Counsel for Lead Plaintiff Utah Retirement
Systems & Lead Counsel for the Class*


/s/ Robert L. Hickok

Robert L. Hickok (PA Bar No. 30101)
Jay A. Dubow (PA Bar No. 41741)
Joanna J. Cline (PA Bar No. 83195)
Daniel J. Boland (PA Bar No. 91263)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000
Email: robert.hickok@troutman.com
Email: jay.dubow@troutman.com
Email: joanna.cline@troutman.com
Email: daniel.boland@troutman.com


Whitney R. Redding (PA Bar No. 308893)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
Union Trust Building
501 Grant Street, Suite 300
Pittsburgh, PA  15219-4429
412.454.5000
whitney.redding@troutman.com

*Attorneys for Defendants Healthcare Services
Group, Inc., Daniel P. McCartney, Theodore
Wahl, John C. Shea, and Matthew J. McKee*


 **BY THE COURT:**


/s/ *Eduardo C. Robreno*

**EDUARDO C. ROBRENO**
**UNITED STATES DISTRICT JUDGE**