# EXHIBIT G

Press Release

---

# SEC Charges Companies, Former Executives as Part of Risk-Based Initiative

## Interface and Two Former Executives Charged With Accounting and Disclosure Violations; Fulton Financial Corporation Charged With Disclosure Violations

**FOR IMMEDIATE RELEASE**
**2020-226**

*Washington D.C., Sept. 28, 2020* — The Securities and Exchange Commission today filed settled actions against two public companies for violations that resulted in the improper reporting of quarterly earnings per share (EPS) that met or exceeded analyst consensus estimates. The actions are the first arising from investigations generated by the Division of Enforcement's EPS Initiative, which utilizes risk-based data analytics to uncover potential accounting and disclosure violations caused by, among other things, earnings management practices.

The SEC's order against Interface Inc., a Georgia-based modular carpet manufacturer, finds that in multiple quarters in 2015 and 2016, the company made unsupported, manual accounting adjustments that were not compliant with GAAP. These adjustments were often made when Interface's internal forecasts indicated that the company would likely fall short of analyst consensus EPS estimates. The order finds that the adjustments boosted the company's income, making it possible for Interface to consistently report earnings that met or exceeded consensus estimates. According to the order, Interface's former Controller and Chief Accounting Officer Gregory J. Bauer directed the unsupported adjustments, including those made to management bonus accruals and stock-based compensation accounts. The order also finds that Interface's former CFO Patrick C. Lynch caused Bauer to direct some of the unsupported entries.

The SEC's order against Fulton Financial Corporation, a Pennsylvania-based financial services company, finds that the company inaccurately presented its financial performance in late 2016 and early 2017. During two quarters in which Fulton was on track to meet or beat analyst consensus EPS estimates, the order finds that Fulton's public filings included a valuation allowance for its mortgage servicing rights that was at odds with the valuation methodology described in the same filings. The order finds that in mid-2017 Fulton belatedly reversed the valuation allowance, increasing its EPS by a penny in a quarter when it otherwise would have fallen short of consensus estimates. As set forth in the order, Fulton's disclosures created the misleading appearance of consistent earnings across multiple reporting periods.

"Public company financial reporting should not present a misleading picture of performance," said Stephanie Avakian, Director of the SEC's Division of Enforcement. "As demonstrated by today's actions, we will continue to leverage our internal data analysis tools to identify violations, including evidence of earnings management and other accounting or disclosure improprieties."

"While difficult to detect, improper quarterly adjustments can have a material impact on reported EPS and how investors view a company's reported financial results," said Anita B. Bandy, an Associate Director in the Division of

Enforcement. "Public companies must have accounting and disclosure controls sufficient to provide reasonable assurance that quarter-end adjustments comply with GAAP and do not hide weaker than expected performance."

The SEC's order concerning Interface finds that the company and Bauer violated certain antifraud provisions of the Securities Act of 1933 and that Bauer and Lynch violated the books and records provisions of the Securities Exchange Act of 1934. The order also finds that Interface violated the reporting, books and records, and internal controls provisions of the Exchange Act, and that Bauer and Lynch caused those violations. Without admitting or denying the SEC's findings, Interface, Lynch, and Bauer have agreed to cease and desist from future violations of the charged provisions and pay civil penalties of $5 million, $70,000, and $45,000, respectively. Bauer and Lynch have also agreed to be suspended from appearing and practicing before the Commission as accountants, which includes not participating in the financial reporting or audits of public companies. The SEC's order permits Bauer to apply for reinstatement after three years and Lynch to apply for reinstatement after one year.

The SEC's order against Fulton finds that the company violated the reporting, books and records, and internal controls provisions of the federal securities laws. Without admitting or denying the SEC's findings, Fulton agreed to cease and desist from future violations of the charged provisions and to pay a $1.5 million penalty.

The SEC's investigation of Interface was conducted by Sharan Custer, Colin Rand, and Matthew Spitzer with assistance from Christopher Bruckmann of the Trial Unit, and supervised by Mark Cave, Kristen Dieter, and Ms. Bandy. The Fulton investigation was conducted by Sarah Allgeier, Mr. Spitzer, and Richard Haynes, and supervised by Mr. Cave and Ms. Bandy. Giz Tariku and Howard Kaplan in the Division of Enforcement's Office of Investigative and Market Analytics provided valuable assistance as part of the initiative.

###

## Related Materials

- SEC Order - Fulton
- SEC Order - Interface