# Exhibit 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UTAH RETIREMENT SYSTEMS,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHCARE SERVICES GROUP, INC., DANIEL P. MCCARTNEY, THEODORE WAHL, JOHN C. SHEA, and MATTHEW  J. MCKEE,<br><br>Defendants. | Case No. 2:19-cv-01227-ER |

**STIPULATION AND AGREEMENT OF SETTLEMENT**

This Stipulation and Agreement of Settlement, dated June 29, 2021 (the "Stipulation"), is made and entered into by and among: (i) Lead Plaintiff Utah Retirement Systems ("Lead Plaintiff") (on behalf of itself and each of the Settlement Class Members[1]), by and through their counsel of record in the Action; and (ii) Defendant Healthcare Services Group, Inc. ("HCSG"), Daniel P. McCartney, Theodore Wahl, John C. Shea, and Matthew J. McKee (the "Individual Defendants," and together with HCSG, "Defendants") by and through their counsel of record in the Action.  The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein), subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

---

[1] All capitalized terms not otherwise defined shall have the meanings ascribed to them in ¶ 1 (Definitions).

**WHEREAS:**

**A.    The Action**

On March 22, 2019, Stephen Koch filed the initial complaint in this action alleging violations of the federal securities laws.  (ECF No. No. 1.)  By Order dated June 17, 2019, the Court appointed Utah Retirement Systems as Lead Plaintiff and approved its selection of Berman Tabacco as Lead Counsel.  (ECF No. 24.)  On September 17, 2019, Lead Plaintiff filed an Amended Complaint for Violations of the Federal Securities Laws ("Amended Complaint") alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.  (ECF No. 31.)  On November 18, 2019, Defendants moved to dismiss the Amended Complaint.  (ECF No. 33.)  The Court entered an Order denying Defendants' motion to dismiss on April 24, 2020.  (ECF No. 42.)  On May 8, 2020, Defendants moved for reconsideration of the motion to dismiss (ECF No. 45), and the Court entered an Order denying this motion on July 13, 2020 (ECF No. 51).  On June 22, 2020, Defendants filed their Answer and Affirmative Defenses to the Amended Complaint.  (ECF No. 47.)

On August 11, 2020, the Court entered a First Scheduling Order on Class Certification imposing a schedule regarding the class certification aspects of the case, bifurcating discovery, and ordering the Defendants to produce certain materials previously provided to the U.S. Securities and Exchange Commission, pursuant to an agreement of the parties.  (ECF No. 59.)  Thereafter, the parties conducted discovery, including Defendants' production to Lead Plaintiff of over 60,000 documents (including over 450,000 produced pages), four depositions, and third-party discovery. On November 13, 2020, Lead Plaintiff filed its Motion for Class Certification and Appointment of Class Representative and Class Counsel and the Expert Report of Dr. Zachary Nye.  (ECF

No. 61.)  On January 27, 2021, Defendant filed their Opposition to Lead Plaintiff's Motion for Class Certification and the Expert Report of Dr. Stephen Choi.  (ECF No. 63.)

In February 2021, the parties discussed the possibility of mediation and selected a nationally-recognized mediator, Robert A. Meyer, Esquire, to mediate a possible settlement of this Action.  On March 12, 2021, the parties submitted detailed mediation statements.  On March 17, 2021, the parties engaged in a full-day mediation session with Mr. Meyer and reached an agreement to settle the Action for $16,800,000, subject to approval by this Court.

**B.      Defendants' Denials of Wrongdoing and Liability**

Defendants have denied, and continue to deny, that they have committed any act or omission giving rise to any liability or violation of law.  Specifically, Defendants expressly have denied, and continue to deny, each and every claim alleged by Lead Plaintiff in the Action, along with all the charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.  Defendants also have denied, and continue to deny, among other allegations, that Lead Plaintiff or the Settlement Class have suffered any damage, or that Lead Plaintiff or the Settlement Class were harmed by the conduct alleged in the Action, or that could have been alleged, in the Action.  Defendants have asserted, and continue to assert, that their conduct was at all times proper and in compliance with all applicable provisions of law, and believe that the evidence developed to date supports their position that they acted properly at all times and that the Action is without merit.  In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

As set forth below, nothing in this Stipulation or any other aspect of the Settlement shall be construed or deemed to be evidence of an admission or concession on the part of any Defendant

- 3 -

with respect to any claim or of any fault, liability, wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.  Defendants are entering into this Stipulation solely to eliminate the burden and expense of further litigation.  Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.

### C.    Lead Plaintiff's Claims and the Benefits of the Settlement

Lead Plaintiff and its counsel believe that the claims asserted in the Action have merit and that the evidence developed to date supports their claims.  However, Lead Plaintiff and its counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and through appeals.  Lead Plaintiff and its counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Action, as well as the difficulties and delays inherent in such litigation.  Lead Plaintiff and its counsel also are mindful of the inherent problems of proof under, and possible defenses to, the securities law violations asserted in the Action.

Lead Plaintiff believes that the investigation and discovery they have undertaken, together with their analysis of the potential outcome of this litigation, provides an adequate and satisfactory basis for the proposed Settlement upon the terms herein.  Lead Plaintiff and its counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class.  Based on their evaluation, Lead Plaintiff and its counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiff and the Settlement Class and in their best interests.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among Lead Plaintiff (for itself and the Settlement Class Members) and Defendants, by and through their

counsel or attorneys of record, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of this Stipulation, as follows.

**1.      Definitions**

As used in this Stipulation the following terms have the meanings specified below:

1.1.    "Action" means the action captioned *Utah Retirement Systems v. Healthcare Services Group, Inc. et al.*, No. 2:19-cv-01227-ER (E.D. Pa.).

1.2.    "Authorized Claimant" means any Settlement Class Member who has submitted a timely and valid Claim to the Claims Administrator (in accordance with the requirements established by the Court), whose claim for recovery has been approved for payment from the Net Settlement Fund pursuant to the terms of this Stipulation, and who is entitled to a distribution from the Net Settlement Fund pursuant to the Plan of Allocation and order of the Court.

1.3.    "Claim" means a completed and executed Claim Form that has been submitted to the Claims Administrator in accordance with the instructions on the Claim Form.

1.4.    "Claim Form" means the Proof of Claim and Release Form (substantially in the form attached hereto as Exhibit A-2) that a putative Settlement Class Member must complete and timely submit to the Claims Administrator if that Settlement Class Member seeks to be eligible to share in a distribution of the Net Settlement Fund.

1.5.    "Claimant" means a Person who has submitted a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

1.6.    "Claims Administrator" means A.B. Data, Ltd.

1.7.    "Court" means the United States District Court for the Eastern District of Pennsylvania.

1.8.    "Defendants" means Healthcare Services, Group, Inc., Daniel P. McCartney, Theodore Wahl, John C. Shea, and Matthew J. McKee.

1.9.    "Defendants' Counsel" means Troutman Pepper Hamilton Sanders LLP.

1.10.    "Defendants' Releasees" means, collectively, each and all of (i) the Defendants, the members of each Defendant's immediate family, any entity in which any Defendant or any member of any of Defendant's immediate family has or had a controlling interest (directly or indirectly), any estate or trust of which any Defendant is a settlor or which is for the benefit of any Defendant and/or members of his/her family; and (ii) for each and every Person listed in part (i), their respective former, present, or future parents, subsidiaries, divisions, and affiliates and the respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, attorneys, advisors, accountants, auditors, and insurers and reinsurers of each of them; and the predecessors, successors, estates, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

1.11.    "Effective Date," or the date upon which this Settlement becomes "effective," means three (3) business days after the date by which all of the events and conditions specified in ¶ 8.1 of the Stipulation have been met and have occurred.

1.12.    "Escrow Agent" means the law firm of Berman Tabacco, or its successor(s).

1.13.    "Final" means when the last of the following with respect to the Judgment approving this Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Fed. R. Civ. P. 59(e), without any such motion having been filed; (ii) the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or

if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal, or otherwise in such a manner as to permit the consummation of the Settlement, substantially in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement.  Any appeal or proceeding seeking subsequent judicial review pertaining solely to attorneys' fees and Litigation Expenses, the Plan of Allocation, or the procedures for determining Authorized Claimants' recognized claims shall not, in any way, delay or affect the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

1.14.    "HCSG" means Healthcare Services Group, Inc.

1.15.    "Individual Defendants" means Daniel P. McCartney, Theodore Wahl, John C. Shea, and Matthew J. McKee.

1.16.    "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.17.    "Lead Counsel" means Berman Tabacco.

1.18.    "Lead Plaintiff" means Utah Retirement Systems.

1.19.    "Lead Plaintiff's Counsel" means any attorney or firm who has appeared in the Action on behalf of Lead Plaintiff.

1.20.    "Liaison Counsel" means Schnader Harrison Segal & Lewis LLP.

1.21.    "Litigation Expenses" means the reasonable costs and expenses incurred in connection with commencing, prosecuting and settling the Action (which may include the costs

and expenses of Lead Plaintiff directly related to its representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

1.22. "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) other costs, expenses or amounts as may be approved by the Court.

1.23. "Notice" means the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (substantially in the form attached hereto as Exhibit A-1), which is to be sent to the Settlement Class Members.

1.24. "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator in connection with (i) providing notice to the Settlement Class; and (ii) administering the Claims process.

1.25. "Person" means an individual, corporation, partnership, limited partnership, limited liability partnership, marital community, association, joint stock company, joint venture and joint venturer, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.26. "Plan of Allocation" as further defined in the Notice, means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice, or such other plan of allocation as the Court shall approve, whereby the Net Settlement Fund shall be distributed to Authorized Claimants. Any Plan of Allocation is not part of the Stipulation and neither Defendants nor Defendants' Releasees shall have any responsibility or liability with respect thereto.

1.27. "Preliminary Approval Order" means the order (substantially in the form attached hereto as Exhibit A) to be entered by the Court preliminarily approving the Settlement and directing that Notice be provided to the Settlement Class.

1.28. "Plaintiffs' Releasees" means Lead Plaintiff, all other Settlement Class Members, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trust, employee's immediate family members, insurers, reinsurers, and attorneys in their capacity as such.

1.29. "Proof of Claim and Release" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2.

1.30. "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

1.31. "Released Defendants' Claims" means any and all claims, debts, demands, rights or causes of action of every nature and description (including Unknown Claims), whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution or settlement of the claims against Defendants. Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

1.32. "Released Persons" means each and all of the Defendants, Defendants' Releasees, Defendants' Counsel, Plaintiffs' Releasees, and Plaintiffs' Counsel.

1.33. "Released Plaintiffs' Claims" means, collectively, any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements,

promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that were asserted or could have been asserted in the Action by Lead Plaintiff, or that any Settlement Class Member asserted or could have asserted in the Action or in any forum, including Unknown Claims, which arise out of or relate in any way to both: (i) the purchase or acquisition of shares of HCSG publicly traded common stock during the Settlement Class Period by Settlement Class Members; and (ii) the facts, matters, allegations, transactions, events, disclosures, occurrences, representations, statements, acts, or omissions that were alleged or could have been alleged by Lead Plaintiff or any Settlement Class Member in the Action.  "Released Plaintiffs' Claims" does not include claims to enforce the Settlement and does not include or release any derivative claims, including claims asserted in the Verified Shareholder Derivative Complaint in the action *Portia E. McCollum, derivatively on behalf of Healthcare Services Group, Inc. v. Theodore Wahl, et al.*, Civil Action No. 2:20-cv-03426 (E.D. Pa.) or in any other derivative complaints filed against or any derivative demand letters sent to the Board of Directors of HCSG.

1.34.    "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

1.35.    "Settlement Amount" means Sixteen Million Eight Hundred Thousand Dollars ($16,800,000) in cash to be paid by check or wire transfer to the Escrow Agent pursuant to ¶ 3.1 of this Stipulation.

1.36.    "Settlement Class" means all Persons who purchased or otherwise acquired the

common stock of HCSG between April 8, 2014 through February 9, 2021, inclusive (the "Settlement Class Period"), and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants and any affiliates or subsidiaries of HCSG; (ii) present or former officers, directors, or controlling persons of HCSG, its subsidiaries, or its affiliates, and their immediate family members; (iii) Defendants' directors' and officers' liability carriers and any affiliates or subsidiaries thereof; (iv) any entity in which any Defendant has or has had a controlling interest; and (v) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding categories. Also excluded from the Settlement Class is any Settlement Class Member that validly and timely requests exclusion in accordance with the requirements set by the Court.

1.37. "Settlement Class Member" or "Member of the Settlement Class" means a Person who falls within the definition of the Settlement Class as set forth in ¶ 1.36 above.

1.38. "Settlement Class Period" means the period from April 8, 2014 through February 9, 2021, inclusive.

1.39. "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto.

1.40. "Settling Parties" means, collectively, (i) Defendants; and (ii) Lead Plaintiff, on behalf of itself and the Settlement Class.

1.41. "Tax" or "Taxes" means any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax, and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state, and federal taxes.

1.42. "Unknown Claims" means any Released Plaintiffs' Claims which any Lead

- 11 -

Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement.

## 2.    Certification of Settlement Class

2.1.    The Settling Parties hereby stipulate to the certification of the Settlement Class, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, solely for the purpose of effectuating this Stipulation and the Settlement set forth herein. For purposes of this Stipulation and Settlement only, the Settling Parties stipulate to (i) the certification, for settlement purposes only, of a Settlement Class (as defined in ¶ 1.36 herein), pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure; (ii) the appointment of Lead Plaintiff as the class representative

for the Settlement Class; and (iii) the appointment of Lead Counsel as counsel to the Settlement Class.

If the Stipulation is not approved by the Court, terminated pursuant to its terms, or if the Effective Date does not occur for any reason, the certification of the Settlement Class shall be automatically vacated, and Defendants shall retain all rights to (i) object to and oppose class certification, or (ii) challenge the standing of Lead Plaintiff or any other intervening plaintiff.  This Stipulation and any motion or other papers filed in support of its approval shall not be offered as evidence of any agreement, admission, or concession that any class should be or remain certified in the Action or that Lead Plaintiff or any other intervening plaintiff has standing or any legal right to represent any class.  This provision survives termination of this Stipulation.

**3.     The Settlement**

*The Settlement Amount*

3.1.    In full settlement of the claims asserted in the Action against Defendants and in consideration of the releases specified in ¶ 5 herein, Defendants shall cause to be deposited the Settlement Amount into an interest-bearing escrow account ("Escrow Account") controlled by the Escrow Agent on or before thirty (30) calendar days after the later of: (i) the entry of the Preliminary Approval Order, as defined in ¶ 4.1 herein, and (ii) the provision to Defendants of all information necessary to effectuate a transfer of funds by check or wire transfer, including payment instructions and a signed W-9 reflecting the taxpayer identification number for the Settlement

Fund.  Any interest earned on the Settlement Fund pursuant to this paragraph shall be for the benefit of the Settlement Class if the Settlement becomes Final.

3.2.    Other than the obligation of HCSG to pay or cause to be paid the Settlement Amount into the Settlement Fund, Defendants shall have no obligation to make any other payment into the Settlement Fund pursuant to this Stipulation.

***The Escrow Agent***

3.3.    The Escrow Agent shall invest any funds in excess of U.S. $250,000 in United States Treasury Bills having maturities of 180 days or less, or money market mutual funds composed of investments secured by the full faith and credit of the United States Government, or an account fully insured by the United States Government Federal Deposit Insurance Corporation ("FDIC"), and shall collect and reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  Any funds held in escrow in an amount of less than U.S. $250,000 may be held in an interest-bearing account insured by the FDIC or money market mutual funds composed of investments secured by the full faith and credit of the United States Government or fully insured by the United States Government.  All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

3.4.    The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the prior written agreement of Defendants' Counsel.

3.5.    Subject to further order(s) and/or directions as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are

consistent with the terms of this Stipulation.  The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

3.6.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court. Prior to the Effective Date, and without further order of the Court, up to $500,000 of the Settlement Fund may be used by Lead Counsel to pay reasonable costs and expenses actually incurred in connection with providing notice of the Settlement to the Settlement Class by mail, publication, and other means, locating Settlement Class Members, assisting with the submission of claims, processing Claim Forms, administering the Settlement, and paying escrow fees and costs, if any ("Notice and Administration Expenses").  Notice and Administration Expenses shall not include any amounts attributable to the Fee and Expense Award  (as defined in ¶ 6.2).  The Released Persons shall have no responsibility for or liability whatsoever with respect to the Notice and Administration Expenses, nor shall they have any responsibility or liability whatsoever for any Claims with respect thereto.  After the Effective Date, Lead Counsel may pay all further reasonable Notice and Administration Expenses, regardless of amount, without further order of the Court.

*Taxes*

3.7.    (a)    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 3.7, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance

with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described in ¶ 3.7(a) hereof) shall be consistent with this ¶ 3.7 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶ 3.7(c) hereof.

(c)    All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or Tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶ 3.7 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶ 3.7) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events, the Released Persons and their counsel shall have no liability or responsibility whatsoever for the Taxes or the Tax Expenses.  The Settlement Fund shall indemnify and hold each of the Released Persons and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such

indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Released Persons nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 3.7.

3.8. This is not a claims-made settlement. As of the Effective Date, Defendants, and/or any other Person funding the Settlement on their behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.

*Termination of Settlement*

3.9. In the event that this Stipulation is not approved or this Stipulation is terminated or canceled, or the Effective Date otherwise fails to occur for any reason, the Settlement Fund less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from Defendants' Counsel in accordance with ¶ 8.5 herein.

**4.    Preliminary Approval Order and Settlement Hearing**

4.1. Promptly after execution of this Stipulation, Lead Counsel shall submit this Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting,

*inter alia*, the preliminary approval of the Settlement set forth in this Stipulation, certification of the Settlement Class for purposes of settlement, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice ("Summary Notice"), substantially in the forms of Exhibits A-1 and A-3 attached hereto. The Notice shall include the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, as defined in ¶ 7.1 hereof, and the date of the Settlement Hearing as defined below.

4.2.    Defendants shall provide to the Claims Administrator, at no cost to Lead Plaintiff or the Settlement Class, within ten (10) business days of entry of the Preliminary Approval Order, transfer records in electronic searchable form, such as Excel, containing the names and addresses of Persons who purchased or otherwise acquired HCSG publicly traded common stock during the Settlement Class Period.

4.3.    It shall be solely Lead Counsel's responsibility to disseminate the Notice and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court. Settlement Class Members shall have no recourse as to the Released Persons with respect to any claims they may have that arise from any failure of the notice process.

4.4.    Lead Counsel shall request that after notice is given, and not earlier than ninety (90) days after the later of the dates on which the appropriate Federal official and the appropriate State officials are provided with notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. 1715, et seq. (CAFA) ("CAFA Notice"), that the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Action as set forth herein. At or after the Settlement Hearing,

- 18 -

Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

4.5.    Defendants, via the Claims Administrator, shall, no later than ten (10) calendar days following the filing of this Stipulation with the Court, serve upon the appropriate State official of each state in which a Settlement Class Member resides and the Attorney General of the United States a notice of the proposed Settlement in compliance with the requirements of CAFA. The costs of the CAFA Notice and administering the CAFA Notice will be paid by Defendants separate from the payment of the Settlement Amount as set forth in ¶ 3.1 above.

**5.    Releases and Bar Order**

5.1.    Upon the Effective Date, as defined in ¶ 1.11 hereof, Lead Plaintiff and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims against the Defendants and Defendants' Releasees (including Unknown Claims), whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund. Claims to enforce the terms of this Stipulation are not released.

5.2.    The Proof of Claim and Release to be executed by Settlement Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

5.3.    Upon the Effective Date, as defined in ¶ 1.11 hereof, all Settlement Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Plaintiffs' Claims against any of the Defendants or other Defendant Releasees, including

- 19 -

Unknown Claims, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund.

5.4.    Upon the Effective Date, as defined in ¶ 1.11 hereof, each of the Defendants and Defendants' Releasees shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against the Lead Plaintiff, each and all of the Settlement Class Members, Lead Plaintiff's Counsel, and other Plaintiffs' Releasees.  Claims to enforce the terms of this Stipulation or any order of the Court in the Action are not released.

## 6.    Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund

6.1.    The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court as may be necessary or as circumstances may require, shall administer and calculate the Claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

6.2.    The Settlement Fund shall be applied as follows:

(a)    to pay all Notice and Administration Expenses;

(b)    to pay the Taxes and Tax Expenses;

(c)    to pay attorneys' fees and expenses of counsel for the Lead Plaintiff (the "Fee and Expense Award"), if and to the extent allowed by the Court;

(d)    to pay the time and expenses of Lead Plaintiff, if and to the extent allowed by the Court; and

(e)    after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

6.3.    After the Effective Date, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

6.4.    Within one hundred twenty (120) days after the mailing of the Notice or such other time as may be set by the Court, each Settlement Class Member shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

6.5.    All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice unless such deadline is extended by Order of the Court. Any Settlement Class Member who fails to timely submit a valid Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment.  No Person shall have any claim against Lead Plaintiff, Lead Plaintiff's Counsel, Defendants' Counsel, the Released Persons, the

- 21 -

Claims Administrator or any Settlement Class Member by reason of the exercise or non-exercise of such discretion.

6.6.    Each Proof of Claim and Release shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine, in accordance with this Stipulation, to what extent, if any, each Claim shall be allowed.

6.7.    Proof of Claim and Release forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Proof of Claim and Release in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Proof of Claim and Release submitted.  The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of ¶ 6.8 below.

6.8.    If any Claimant whose timely Claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶ 6.7 above, or a lesser period of time if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim

- 22 -

cannot be otherwise resolved, Lead Counsel shall thereafter present the Claimant's request for review to the Court.

6.9.    Each Claimant who submits a Proof of Claim and Release shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, including, but not limited to, all releases provided for herein and in the Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  In connection with processing the Proofs of Claim and Release, no discovery shall be allowed on the merits of the Action or the Settlement.

6.10.    The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and economical, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants in an equitable and economical fashion.  Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated to an appropriate non-profit charitable organization(s) serving the public interest selected by Lead Counsel and approved by the Court.

6.11.    The Defendants, Defendants' Counsel, and Defendants' Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in

connection therewith. No Person shall have any claim of any kind against the Defendants, Defendants' Releasees, or Defendants' Counsel with respect to the matters set forth in ¶¶ 6.1-6.13 hereof; and the Settlement Class Members, Lead Plaintiff, and Lead Counsel release the Defendants and Defendants' Releasees from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.

6.12. No Person shall have any claim against Defendants, Defendants' Releasees, Defendants' Counsel, Lead Plaintiff, Lead Plaintiff's Counsel or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

6.13. It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's Claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein.

## 7.    Lead Plaintiff's Counsel's Attorneys' Fees and Litigation Expenses

7.1. Lead Counsel will submit an application or applications (the "Fee and Expense Application") for an award from the Net Settlement Fund for: (a) attorneys' fees; plus (b) reimbursement of Litigation Expenses; plus (c) any interest on such attorneys' fees and Litigation Expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. Lead Plaintiff may also submit an application for an award for

- 24 -

its time and expenses in connection with the prosecution of the Action.  Lead Counsel reserves the right to make additional applications for fees and expenses incurred.

7.2.    Any fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes the Judgment and an order awarding such fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential appeal therefrom, or collateral attack on the Settlement or any part thereof.  Lead Counsel may thereafter allocate the attorneys' fees among Lead Plaintiff's Counsel in a manner in which it, in good faith, believes reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Action.

7.3.    In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award or any award to Lead Plaintiff is reversed or modified, or this Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel, with respect to the Fee and Expense Award, and such other Lead Plaintiff's Counsel who have received any portion of the Fee and Expense Award, shall, within thirty (30) days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund all such fees and expenses (including interest, if any) previously paid to them from the Settlement Fund in an amount consistent with such reversal or modification.  Each such Lead Plaintiff's Counsel's law firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or

shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

7.4.    The procedure for and the allowance or disallowance by the Court of any applications by any Lead Plaintiff's Counsel for attorneys' fees and Litigation Expenses, or the time and expenses of the Lead Plaintiff, to be paid out of the Settlement Fund, are not part of the Settlement set forth in this Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Fee and Expense Application, or the Lead Plaintiff's time and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action set forth therein.

7.5.    Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund.  With the sole exception of Defendants' obligation to pay or cause the Settlement Amount to be paid into the Escrow Account as provided for in ¶ 3.1 and the responsibility for all costs and expenses related to the CAFA notice, Defendants and Defendants' Releasees shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and/or Litigation Expenses to Lead Plaintiff's Counsel, any award payable to the Lead Plaintiff or any other counsel or Person who receives payment from the Net Settlement Fund.

7.6.    Defendants and Defendants' Releasees shall have no responsibility for the allocation among Lead Plaintiff's Counsel, Lead Plaintiff, and/or any other Person who may assert

some claim thereto, of any Fee and Expense Award or award to the Lead Plaintiff, that the Court may make in the Action.

7.7.    The Released Persons shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or Litigation Expenses incurred by or on behalf of any Settlement Class Member, whether or not paid from the Escrow Account.

**8.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

8.1.    The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

> (a)    the Court has entered the Preliminary Approval Order, as required by ¶ 4.1 hereof;
>
> (b)    The Settlement Amount has been deposited into the Escrow Account;
>
> (c)    Defendants have not exercised their option to terminate the Stipulation pursuant to ¶ 8.3 hereof;
>
> (d)    the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto; and
>
> (e)    the Judgment has become Final, as defined in ¶ 1.13 hereof.

8.2.    Upon the Effective Date, any and all remaining interest or right of the Defendants or the Defendants' insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If the conditions specified in ¶ 8.1 hereof are not met, then the Settlement shall be canceled and terminated subject to ¶¶ 8.3 and 8.5 hereof unless Lead Counsel and Defendants' Counsel mutually agree in writing to proceed with the Settlement.

8.3.    Defendants shall have the right (which right must be exercised collectively) to terminate the Settlement and render it null and void in the event that Settlement Class Members who purchased or otherwise acquired more than a certain percentage of HCSG publicly traded

common stock during the Settlement Class Period exclude themselves from the Settlement Class, as set forth in a separate agreement (the "Supplemental Agreement") executed between Lead Plaintiff and Defendants, by and through their counsel. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein, to the extent necessary, or as otherwise provided in the Supplemental Agreement), unless and until the Court otherwise directs or a dispute arises between the Settling Parties concerning its interpretation or application. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Settling Parties will seek to have the Supplemental Agreement submitted to the Court in camera or filed under seal.

8.4. Each of the Defendants warrants and represents that, as of the time this Stipulation is executed and as of the time the Settlement Amount is actually transferred or made as reflected in this Stipulation, it is not "insolvent" within the meaning of 11 U.S.C. § 101(32). If, before the Settlement becomes Final, any Defendant files for protection under the Bankruptcy Code, or any similar law, or a trustee, receiver, conservator, or other fiduciary is appointed under bankruptcy, or any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money or any portion thereof to the Escrow Agent by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited with the Escrow Agent by others, then, at the election of Lead Plaintiff, the Settling Parties shall jointly move the Court to vacate and set aside the release given and the Judgment entered in favor of the

- 28 -

Defendants and that the Defendants and Lead Plaintiff and the Members of the Settlement Class shall be restored to their litigation positions as of March 17, 2021.

8.5.    Unless otherwise ordered by the Court, in the event this Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within fifteen (15) business days after written notification of such event is sent by counsel for the Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund, less Taxes, Tax Expenses and Notice and Administration Expenses which have either been disbursed pursuant to ¶¶ 3.6 and 3.7 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶ 3.6 and 3.7 hereof, shall be refunded by the Escrow Agent pursuant to written instructions from Defendants' Counsel.  The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written instructions from Defendants' Counsel.

8.6.    In the event that this Stipulation is not approved by the Court or the Settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Action as of March 17, 2021. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶ 1.1-42, 3.5-3.8, 7.3-7.4, 8.4-8.6, and 11.4 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, Litigation Expenses, and interest awarded by the Court to any of Lead Plaintiff's Counsel or the

Lead Plaintiff shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of this Stipulation.

**9.      Requests for Exclusion**

9.1.      Putative Settlement Class Members requesting exclusion from the Settlement Class shall be requested to provide the following information to the Claims Administrator in the manner described in the Notice:  (i) name; (ii) address; (iii) telephone number; (iv) number of shares of HCSG common stock purchased or otherwise acquired during the Settlement Class Period; (v) the date of each such purchase or acquisition and the price or other consideration paid; (vi) the date of each sale or other disposal of any share of HCSG common stock during the Settlement Class Period and the price or other consideration received; (vii) the number of shares of HCSG common stock held immediately before the commencement of the Settlement Class Period; and (viii) a statement that the person or entity wishes to be excluded from the Settlement Class.  Any request for exclusion must also be signed by the person or entity requesting exclusion.

9.2.      All Persons who submit valid and timely requests for exclusion in the manner set forth in the Notice that is approved by the Court shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final Judgment.  Unless otherwise ordered by the Court, any Settlement Class Member who does not submit a timely written request for exclusion as provided by this section shall be bound by the terms of this Stipulation including, without limitation, all of the releases provided for herein. The deadline for submitting requests for exclusion shall be set by the Court, but shall be no later than twenty-one (21) calendar days prior to the Final Approval Hearing, or as the Court may

otherwise direct.  Exclusion requests may not be submitted by e-mail, unless otherwise ordered by the Court.

9.3.    Copies of all requests for exclusion received by Lead Counsel, together with copies of all written revocations of requests for exclusion, shall be delivered to Defendants' Counsel within three (3) business days of receipt by Lead Counsel but, with respect to timely requests for exclusion, in no event later than seventeen (17) calendar days before the Final Approval Hearing.

**10.    Terms of the Judgment**

10.1.    If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

**11.    Miscellaneous Provisions**

11.1.    The Settling Parties: (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

11.2.    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action.  The Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Judgment will contain a finding that, during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a Settlement that was reached voluntarily after consultation with competent legal counsel.  In written press releases, public disclosures, statements to the media, or promotional materials circulated either internally or

externally, Lead Plaintiff and Lead Plaintiff's Counsel and the Defendants and Defendants' Counsel shall not make any accusations of wrongful or actionable conduct by any party or their counsel concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement embodied in this Stipulation constitutes an admission of any claims or defense alleged. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Action, including that the Action was brought or defended in bad faith or without a reasonable basis.

11.3. Neither this Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or Defendants' Releasees, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or Defendants' Releasees in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Defendants and/or Defendants' Releasees may file this Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based

on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.4. All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation.

11.5. All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

11.6. This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

11.7. This Stipulation and the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto and no representations, warranties, or inducements have been made to any party concerning this Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, each party shall bear its own fees and costs.

11.8. Lead Counsel, on behalf of the Settlement Class, is expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Settlement Class which it deems appropriate.

11.9. Each counsel or other Person executing this Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

11.10. This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set

of executed counterparts shall be filed with the Court.  Signatures sent by facsimile or scanned and sent via e-mail shall be deemed originals.

11.11.  All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given: (i) when delivered personally to the recipient; (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid); or (iii) seven (7) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

If to Lead Plaintiff or to Lead Counsel:

Patrick T. Egan
BERMAN TABACCO
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300

If to Defendants or to Defendants' counsel:

Robert L. Hickok
TROUTMAN PEPPER HAMILTON
SANDERS LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103
Telephone: (215) 981-4000

11.12.  This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

11.13.  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for

purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

11.14.  Pending approval of the Court of this Stipulation and its Exhibits, all proceedings in this Action shall be stayed and all Members of the Settlement Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

11.15. This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the Commonwealth of Pennsylvania, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of Pennsylvania without giving effect to its choice-of-law principles.

//

//

//

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated June 29, 2021.

**SCHNADER HARRSION SEGAL & LEWIS LLP**

/s/ Ira N. Richards

_____

Ira Neil Richards
Arleigh P. Helfer III
1600 Market Street, Ste. 3600
Philadelphia, PA 19103

*Counsel for Lead Plaintiff Utah Retirement Systems & Liaison Counsel for the Class*

**BERMAN TABACCO**

_____

Nicole Lavallee
Jeffrey Rocha
44 Montgomery Street, Suite 650
San Francisco, CA 94104

Patrick T. Egan
One Liberty Square
Boston, MA 02109

*Counsel for Lead Plaintiff Utah Retirement Systems & Lead Counsel for the Class*

**TROUTMAN PEPPER HAMILTON SANDERS LLP**

_____

Robert L. Hickok
Jay A. Dubow
Joanna J. Cline
Daniel J. Boland
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799

Whitney R. Redding
Union Trust Building
501 Grant Street, Suite 300
Pittsburgh, PA 15219-4429

*Attorneys for Defendants Healthcare Services Group, Inc., Daniel P. McCartney, Theodore Wahl, John C. Shea, and Matthew J. McKee*

# EXHIBIT A

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UTAH RETIREMENT SYSTEMS, <br><br> Plaintiff, <br><br> v. <br><br> HEALTHCARE SERVICES GROUP, INC., DANIEL P. MCCARTNEY, THEODORE WAHL, JOHN C. SHEA, and MATTHEW J. MCKEE, <br><br> Defendants. | Case No. 2:19-cv-01227-ER |

**[PROPOSED] ORDER PRELIMINARILY APPROVING**
**SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, an action is pending before this Court entitled *Utah Retirement Systems v. Healthcare Services Group et al.*, No. 2:19-cv-01227-ER (E.D. Pa.) (the "Action");

WHEREAS, the parties having made an application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the settlement of this action, in accordance with a Stipulation and Agreement of Settlement, dated June 29, 2021 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action (the "Settlement") and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation;

WHEREAS, the Court preliminarily finds that:

- 1 -

(a)    the Settlement resulted from informed, extensive arm's-length negotiations between experienced counsel following certain discovery, including mediation under the direction of an experienced mediator, Robert A. Meyer, Esquire;

(b)    the proposed Settlement eliminates risks to the Settling Parties of continued litigation;

(c)    the Settlement does not provide undue preferential treatment to Lead Plaintiff or to segments of the Settlement Class;

(d)    the Stipulation does not provide excessive compensation to counsel for Lead Plaintiff; and

(e)    the Settlement appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class; and

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

The Court hereby preliminarily approves the Settlement set forth in the Stipulation, subject to further consideration at the Settlement Hearing described below.

Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all Persons who purchased or otherwise acquired the common stock of HCSG between April 8, 2014 and February 9, 2021, inclusive, and were allegedly damaged thereby. Excluded from the Settlement Class are: (a) Defendants and any affiliates or subsidiaries of HCSG; (b) present or former officers, directors, or controlling persons of HCSG, its subsidiaries, or its affiliates, and their immediate family members; (c) Defendants' directors' and officers' liability carriers and any affiliates or subsidiaries thereof; (d) any entity in which any Defendant has or has had a controlling

interest; and (e) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding categories. Also excluded from the Settlement Class is any Settlement Class Member that validly and timely requests exclusion in accordance with the requirements set by the Court.

The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class it seeks to represent; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Members of the Settlement Class predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff Utah Retirement Systems is preliminarily certified as the class representative and Lead Counsel Berman Tabacco is preliminarily certified as class counsel.

The Court preliminarily finds that the Settlement should be approved as: (a) the result of serious, extensive arm's-length and non-collusive negotiations; (b) falling within a range of reasonableness warranting final approval; (c) having no obvious deficiencies; and (d) warranting notice of the proposed Settlement to Settlement Class Members and further consideration of the Settlement at the fairness hearing described below.

A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2021, at __.__m (a date that is at least 100 calendar days from entry of this Order), either in person at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia PA 19106 or via video or teleconference, to determine: (a) whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (b) whether a Judgment, as provided in ¶ 1.16 of the Stipulation, should be entered; (c) whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; and (d) the amount of fees and reimbursement of expenses that should be awarded to Lead Counsel and Plaintiff.  The Court may adjourn the Settlement Hearing without further notice to the Members of the Settlement Class.

The Court approves, as to form and content, the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Summary Notice"), annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in this Order, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

All fees, costs, and expenses incurred in identifying and notifying Settlement Class Members shall be paid from the Settlement Fund as set forth in the Stipulation, and in no event

- 4 -

shall any of the Defendants or Defendants' Releasees bear any responsibility for such fees, costs, or expenses.  Notwithstanding the foregoing, HCSG shall be responsible for the costs and expenses of providing to Lead Counsel and/or the Claims Administrator (defined below) pertinent transfer records for purposes of mailing notice to the Settlement Class.

The firm of A.B. Data, Ltd. ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below:

Defendants shall provide to Lead Counsel or the Claims Administrator, at no cost to Lead Plaintiff or the Settlement Class, within ten (10) business days after the Court signs this Order, transfer records in electronic searchable form, such as Excel, containing the names and addresses of Persons who purchased or otherwise acquired HCSG common stock during the Settlement Class Period;

Not later than _____, 2021 (the "Notice Date") (a date twenty-one (21) calendar days after entry by this Court of this Order), the Claims Administrator shall commence mailing the Notice and Proof of Claim, substantially in the forms annexed hereto, by First-Class Mail to all Settlement Class Members who can be identified with reasonable effort and to be posted on its website at www.HCSGsecuritieslitigation.com;

Not later than _____, 2021 (a date seven (7) calendar days after the Notice Date), the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and once over a national newswire service; and

At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

Nominees who purchased or acquired HCSG common stock during the Settlement Class Period for the beneficial ownership of Settlement Class Members shall send the Notice and the Proof of Claim to all such beneficial owners of HCSG common stock within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses, or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Settlement Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

All Members of the Settlement Class who do not request exclusion from the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Settlement Class, whether or not such Settlement Class Members submit Proofs of Claim or otherwise seek or obtain by any means any distribution from the Net Settlement Fund.

Settlement Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than _____, 2021 (a date one-hundred twenty (120) days from the Notice Date). Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court.

Any Member of the Settlement Class who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of their own choice.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

Any Person falling within the definition of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class.  Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is postmarked no later than _____, 2021 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing).  A Request for Exclusion must state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) a list identifying the number of shares and date of each purchase or acquisition of HCSG common stock and the price paid for any purchase or acquisition of HCSG common stock between April 8, 2014 and February 9, 2021, inclusive; and (c) that the Person wishes to be excluded from the Settlement Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any final judgment.  Unless otherwise ordered by the Court, any Person falling within the definition of the Settlement Class who fails to timely request exclusion from the Settlement Class in compliance with this paragraph shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class, and shall be barred from requesting exclusion from the Settlement Class in this or any other proceeding.

Lead Counsel or the Claims Administrator shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, and any written revocation of Requests for

Exclusion, promptly upon receipt and as expeditiously as possible, and in any event, not less than seventeen (17) calendar days prior to the Settlement Hearing.

Any Member of the Settlement Class may file a written objection to the proposed Settlement and show cause why the proposed Settlement of the Action should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and reimbursement of Litigation Expenses should or should not be awarded to Lead Counsel or Lead Plaintiff, provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before _____, 2021(a date that is twenty-one (21) calendar days prior to the Settlement Hearing), by Berman Tabacco, Patrick Egan, One Liberty Square, Boston, MA 02109; Troutman Pepper Hamilton Sanders LLP, Robert L. Hickok, 3000 Two Logan Square, Eighteenth & Arch Streets, Philadelphia, PA 19103, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia PA 19106, on or before _____, 2021 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing).  Any Member of the Settlement Class who does not make his, her, or its objection in the manner provided herein and in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and Litigation Expenses to Lead Counsel or expenses of Lead Plaintiff, unless otherwise ordered by the Court.  Attendance at the Settlement Hearing is not necessary.  However, Persons wishing to be heard orally in opposition to approval

of the Settlement, the Plan of Allocation, and/or the award of attorneys' fees and reimbursement of expenses to Lead Counsel or Lead Plaintiff are required to indicate in their written objection their intention to appear at the Settlement Hearing.  Settlement Class Members do not need to appear at the Settlement Hearing or take any action if they do not oppose any aspect of the Settlement.

Any objections, filings, and other submissions by the objecting Settlement Class Member must: (a) state the name, address, and telephone number of the Person objecting and must be signed by the objector; (b) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) include documents sufficient to prove membership in the Settlement Class, including the objecting Settlement Class Member's purchases, acquisitions, and sales of HCSG common stock during the Settlement Class Period, including the dates, the number of shares of HCSG common stock purchased, acquired, or sold, and price paid or received for each such purchase, acquisition, or sale.

All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

All opening briefs and supporting documents in support of the final approval of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and Litigation Expenses shall be filed and served by _____, 2021 (a date that is thirty-five (35) calendar days prior to the Settlement Hearing).  Replies to any objections shall be filed and served by _____, 2021 (a date that is seven (7) calendar days prior to the Settlement Hearing).

Neither the Defendants and their related Parties nor Defendants' Counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or Litigation Expenses submitted by Lead Counsel or expenses of Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or reimbursement of Litigation Expenses shall be approved.

All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff nor any of its counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶ 3.6 or 3.7 of the Stipulation.

Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants as to the validity of any claims or as to the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, this Order shall be rendered null and void, and be of no further force and

- 10 -

effect, except as otherwise provided by the Stipulation. This Order, the Stipulation, and the Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante*.

Unless otherwise ordered by the Court, all proceedings in the Action are stayed, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or other agreement of the Settling Parties. Pending final determination of whether the proposed Settlement should be approved, neither Lead Plaintiff nor any Settlement Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants, any action or proceeding in any court or tribunal asserting any of the Plaintiffs' Released Claims.

IT IS SO ORDERED.

DATED: _____       _____

THE HONORABLE EDUARDO C. ROBRENO
UNITED STATES DISTRICT JUDGE

# Exhibit A-1

[**EXHIBIT A-1 – NOTICE**]

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| UTAH RETIREMENT SYSTEMS,<br><br>        Plaintiff,<br><br>v.<br><br>HEALTHCARE SERVICES GROUP, INC.,<br>DANIEL P. MCCARTNEY, THEODORE<br>WAHL, JOHN C. SHEA, and MATTHEW  J.<br>MCKEE,<br><br>        Defendants. | Case No. 2:19-cv-01227-ER |

NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, FINAL APPROVAL
HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION
EXPENSES

**IF YOU PURCHASED HEALTHCARE SERVICES GROUP, INC. COMMON STOCK DURING THE
PERIOD BEGINNING APRIL 8, 2014, THROUGH FEBRUARY 9, 2021, YOU MAY BE
ENTITLED TO PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*
*This is <u>not</u> a notice that you have been sued.*

**Notice of Pendency of Class Action**: Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Eastern District of Pennsylvania (the "Court"), if, during the period from April 8, 2014 through and including February 9, 2021 ("Settlement Class Period"), you purchased or otherwise acquired common stock of Healthcare Services Group, Inc. ("HCSG" or the "Company").[1]

---

[1] All capitalized terms used in this Notice are defined in the Stipulation and Agreement of Settlement, dated June 29, 2021 (the "Stipulation"), available for download at www.HCSGsecuritieslitigation.com.  For convenience, certain capitalized terms are also defined in this Notice.  To the extent there is any conflict between the definitions of capitalized terms in this Notice and the Stipulation, the definition in the Stipulation controls.

Questions? Call 1- 877-877-9675 (Toll free) or Visit www.HCSGsecuritieslitigation.com.

**Notice of Settlement**: Please also be advised that the Court-appointed Lead Plaintiff, Utah Retirement Systems ("URS" or "Lead Plaintiff"), on behalf of itself and the Settlement Class (as defined in question number 5 below), have reached a proposed settlement of the Action for $16,800,000 in cash ("Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.  If you have questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, HCSG, the other Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* question number 7 below).**

**Description of the Action and the Settlement Class:** The Settlement, which is subject to Court approval, resolves this Action – a class action brought in federal court by Lead Plaintiff URS, on behalf of itself and others who purchased or otherwise acquired HCSG common stock during the Settlement Class Period, over whether HCSG and its current and/or former executive officers Daniel P. McCartney, Theodore Wahl, John C. Shea, and Matthew J. McKee ("Individual Defendants") (HCSG and the Individual Defendants are collectively referred to as "Defendants") artificially inflated and/or maintained the price of the Company's stock by altering its financial results to meet or exceed analysts' consensus quarterly earnings per share targets.  The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Settlement Class prevailed on each claim alleged.  Defendants deny that they are liable to the Settlement Class and deny that the Settlement Class has suffered any damages.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in question number 5 below.

**Statement of the Settlement Class's Recovery**: Subject to Court approval, Lead Plaintiff, on behalf of itself and the Settlement Class, has agreed to settle the Action in exchange for $16.8 million in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court.  The proposed plan of allocation (the "Plan of Allocation") is set forth at pages 16 to 21 below. The Plan of Allocation will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.

**Estimate of Average Amount of Recovery**:  Based on Lead Plaintiff's consulting damages expert's estimate of the number of shares of HCSG common stock purchased or otherwise acquired during the Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs described herein) is $0.28 per affected common share. Settlement Class Members should note, however, that the average recoveries provided herein are only estimates.  Some Settlement Class Members may recover more or less than these estimated amounts depending on, among other factors, when and at what price they purchased or otherwise acquired or sold their HCSG stock, and the total number and value of valid Claim Forms submitted.  Distributions to Settlement Class Members will be made based on the Plan of Allocation as set forth herein (*see* pages 16 to 21 below) or such other plan of allocation as may be ordered by the Court.

**Average Amount of Damages Per Share**: The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff were to prevail in the Action.  Among other things, Defendants do not

Case 2:19-cv-01227-ER    Document 70-4    Filed 06/30/21    Page 53 of 93

3
Questions?  Call 1-877-777-9675 (Toll Free) or Visit: www.HCSGsecuritieslitigation.com.

agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

**Attorneys' Fees and Litigation Expenses Sought**: Lead Counsel, Berman Tabacco, has been prosecuting the Action on a wholly contingent basis since its appointment as Lead Counsel on June 17, 2019, and has not received any payment of attorneys' fees for its representation of the Settlement Class, and has advanced the funds to pay expenses necessarily incurred to prosecute this Action. Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund.  In addition, Lead Counsel will apply for the payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action in an amount not to exceed $550,000, which may include an application for reimbursement of reasonable costs and expenses incurred by Lead Plaintiff directly related to their representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses. The estimated average cost for such fees and expenses, if the Court approves Lead Counsel's fee and expense application, is $0.08 per affected common share.

**Identification of Attorneys' Representative**:  Lead Plaintiff and the Settlement Class are represented by Patrick T. Egan, Esq. of Berman Tabacco, One Liberty Square, Boston, MA 02109; (617) 542-8300; law@bermantabacco.com.

**Reasons for the Settlement**: Lead Plaintiff's principal reason for entering into the Settlement is the substantial and certain recovery for the Settlement Class without the risk or delays inherent in further litigation.  Moreover, the substantial recovery provided under this Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial.  This process could be expected to last several years.  For the Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation.  Defendants have concluded that further conduct of this Action could be protracted and distracting.

| Your Legal Rights and Options | |
| --- | --- |
| **You can:** | **That Means:** |
| **Submit a Claim Form Received or Postmarked by** _____ | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in question number 12 below) that you have against Defendants and the other Defendants' Releasees (defined in question number 12 below), so it is in your interest to submit a Claim Form. |
| **Exclude Yourself by** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from this Settlement and will not be part of the Settlement Class and will not be bound by any Judgment.  This is the only option that allows |

4
Questions?  Call 1-877-777-9675 (Toll Free) or Visit: www.HCSGsecuritieslitigation.com.

| | |
|---|---|
| **Submitting a Written Request for Exclusion Postmarked by** _____ | you to ever be part of any other separate lawsuit, including your own lawsuit, concerning the Plaintiffs' Released Claims. |
| **Object by Submitting A Written Objection** *Received* **by** _____ | If you remain part of the Settlement Class but have an objection to the Settlement, or some part of it, or the requested attorneys' fees or Litigation Expenses, you can write to the Court to explain why. |
| **Go to a Hearing on** _____ | Filing a written objection and notice of intention to appear by _____, 2021, allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **Do Nothing** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a Member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgment or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS
*Twenty-One (21) Pages*

**BASIC INFORMATION**

1. Why did I get this Notice package?
2. What is this Action about?
3. What is a class action?
4. Why is there a Settlement?

**WHO IS INCLUDED IN THE SETTLEMENT?**

5. How do I know if I am a Settlement Class Member?
6. Are there any exceptions to being included as a Settlement Class Member?
7. I am still not sure if I'm included.

**THE SETTLEMENT BENEFITS**

8. What does the Settlement provide?
9. How much will my payment be?
10. How can I get a payment?
11. When would I get my payment?
12. What am I giving up to get a payment or stay in the Settlement Class?

5
Questions?  Call 1-877-777-9675 (Toll Free) or Visit: www.HCSGsecuritieslitigation.com.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

13.  How do I get out of the Settlement?

## THE LAWYERS REPRESENTING YOU

14.  Do I have a lawyer in this case?
15.  How will the lawyers be paid?

## OBJECTING TO THE SETTLEMENT

16.  How do I tell the Court that I do not like the Settlement?
17.  What's the difference between objecting and being excluded from the Settlement Class?

## THE COURT'S FINAL APPROVAL HEARING

18.  When and where will the Court decide whether to approve the Settlement?
19.  Do I have to come to the Final Approval Hearing?
20.  May I speak at the Final Approval Hearing?

## IF YOU DO NOTHING

21.  What happens if I do nothing at all?

## GETTING MORE INFORMATION

22.  Are there more details about the Settlement?

## SPECIAL NOTICE TO NOMINEES

23.  Special Notice to Banks, Trustees, Brokerage Firms, or Other Nominees.

## UNDERSTANDING YOUR PAYMENT - THE PLAN OF ALLOCATION

A.  Introduction to the Plan of Allocation
B.  Calculating Recognized Losses
C.  General Provisions Applicable to the Plan of Allocation

**BASIC INFORMATION**

| 1. | Why did I get this Notice package? |
|---|---|

You or someone in your family may have purchased or otherwise acquired HCSG common stock during the period between April 8, 2014, through February 9, 2021, inclusive.

The Court caused this Notice to be sent to you because you have a right to know about a proposed Settlement of a class action lawsuit, a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, and about all of your options, before the Court decides whether to approve the Settlement.

This Notice explains this Action, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and the Plan of Allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

The Court in charge of the case is the United States District Court for the Eastern District of Pennsylvania, and the case is known as *Utah Retirement Systems, et al. v. Healthcare Services Group, Inc., et al.*, Case No. 1:19-cv-01227-ER.  District Judge Eduardo C. Robreno is the Judge in charge of this class action. The person who sued is called the "Lead Plaintiff."  The company being sued, HCSG, and the persons who are being sued Daniel P. McCartney, Theodore Wahl, John C. Shea, and Matthew J. McKee, are called the "Defendants."

| 2. | What is this Action about? |
|---|---|

In the Action, Lead Plaintiff alleges that Defendants engaged in a long-term pattern of misleading investors into believing that the Company legitimately met or beat Wall Street analysts' consensus estimates for the Company's earnings per share ("EPS") by manipulating net income and EPS to ensure the Company consistently met analyst expectations.  Lead Plaintiff alleges that, once Defendants' conduct drew the attention of the U.S. Securities and Exchange Commission ("SEC"), Defendants continued to hide from investors past conduct and an ongoing SEC investigation.  On February 10, 2021, the Company issued a press release announcing, in part, that the Company and the SEC had recently commenced discussions regarding a potential resolution of the investigation and that, in conjunction with those discussions, Defendant Shea had notified the Company that he would be taking a temporary leave of absence from his duties.

On March 22, 2019, an initial complaint was filed against HCSG and Defendant Theodore Wahl in the United States District Court for the Eastern District of Pennsylvania asserting violations of the federal securities laws: *Stephen Koch v. Healthcare Services Group, Inc., and Theodore Wahl.*, Case No. 2:19-cv-01227-ER.

On May 21, 2019, URS filed a Motion for Appointment as Lead Plaintiff and Approval of its Selection of Counsel. By order dated June 17, 2019, this Court appointed URS as Lead Plaintiff; and approved Lead Plaintiff's choice

of the law firms of Berman Tabacco as Lead Counsel and Schnader Harrison Segal & Lewis LLP as Liaison Counsel for the Settlement Class.

On September 17, 2019, after further extensive investigation by Lead Counsel, Lead Plaintiff filed an Amended Class Action Complaint for Violations of the Federal Securities Laws alleging violations of §§10(b) and 20(a) of the Securities and Exchange Act of 1934 ("Exchange Act") (the "Complaint"). On November 18, 2019, all Defendants moved to dismiss the Complaint. Lead Plaintiff opposed the motions on January 17, 2020.  On April 24, 2020, the Court denied Defendants' motions and on July 13, 2020, the Court issued an Order denying Defendants' motion for reconsideration of the motion to dismiss.  On June 22, 2020, Defendants filed their Answer and Affirmative Defenses to the Complaint.

The parties conducted discovery, including Defendants' production to Lead Plaintiff of over 60,000 documents (that consisted of over 450,000 produced pages), Lead Plaintiff and third-parties' production to Defendants of approximately 3,600 documents (totaling approximately 35,000 pages of materials), and four depositions.  Lead Plaintiff filed a Motion for Class Certification and Appointment of Class Representative and Class Counsel on November 13, 2020.  Defendants opposed Lead Plaintiff's motion on January 27, 2021.  During the briefing on the motion for class certification, the parties commenced arm's-length settlement negotiations under the close supervision of an experienced mediator.

In February 2021, the parties engaged the services of a nationally-recognized mediator, Robert A. Meyer, Esquire, to mediate their dispute.  On March 12, 2021, the parties submitted detailed mediation statements.  On March 17, 2021, the parties engaged in a full-day mediation session with Mr. Meyer and reached an agreement to settle the Action for $16,800,000 subject to approval by this Court.

Defendants deny each and all of the claims and contentions of wrongdoing alleged by Lead Plaintiff in the Action. Defendants contend that they did not make any materially false or misleading statements, that they disclosed all material information required to be disclosed by the federal securities laws, and that any alleged misstatements or omissions were not made with the requisite intent or knowledge of wrongdoing.  Defendants also contend that any losses allegedly suffered by Members of the Settlement Class were not caused by any allegedly false or misleading statements by them and/or were caused by intervening events.  Defendants also maintain that they have meritorious defenses to all claims that were raised or could have been raised in the Action.

| 3. | What is a class action? |
|----|-------------------------|

In a class action, the plaintiff is called the Class Representative or the Lead Plaintiff, and he/she/it sues on behalf of numerous people who have similar claims. All these people with similar claims are a class, and each one is a class member. One court resolves the claims of all class members, except for those who properly exclude themselves from the class.

| 4. | Why is there a Settlement? |
|---|---|

Instead of litigating the Action through trial, Lead Plaintiff and Defendants, after an intensive, arm's-length negotiation facilitated by a neutral mediator, agreed to a compromise of the claims for $16.8 million. The Court did not decide in favor of Lead Plaintiff or Defendants.  Lead Plaintiff believes it could have obtained money if it won a trial; the Defendants believe Lead Plaintiff would not have won anything from a trial. But there was no trial.  Instead, both sides agreed to a settlement.  That way, they avoid the risks and cost of a trial and possible appeals, and Settlement Class Members affected will get compensation. The Lead Plaintiff, as Class Representative, and Lead Counsel believe the Settlement is best for all Settlement Class Members.

Lead Plaintiff believes that the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class.  Throughout the litigation, Defendants raised a number of arguments and defenses (which they would continue to do through class certification, summary judgment, and trial) including that none of the challenged misrepresentations were false or misleading when made, and that Defendants did not act with the requisite fraudulent intent.  Defendants would also likely argue that, even if Lead Plaintiff could establish liability, it would have trouble showing what part of HCSG's stock price decline is attributable to the alleged fraud rather than other Company-specific bad news.  While Lead Plaintiff believes that these arguments lack merit, there is no guarantee that Defendants would not prevail on one or more of these arguments.  In the absence of a Settlement, the Settling Parties would present factual and expert testimony on each of these issues, and there is considerable risk that the Court or jury would resolve these issues against Lead Plaintiff and the Settlement Class.

Lead Counsel have thoroughly investigated and litigated the case prior to and since filing it in 2019.  Based upon their extensive investigation, their consultation with multiple experts, and their evaluation of the claims asserted against the Defendants and defenses that might be asserted, Lead Counsel believe that the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class.  The Settlement provides an immediate and certain monetary recovery.  By settling, Lead Plaintiff and Defendants avoid the cost, uncertainty, and delay of continued litigation.  The parties engaged in extensive negotiations that led to the Settlement described in this Notice.  Lead Counsel believe the Settlement is fair because there is no guarantee the Settlement Class would win on any of the claims and, even if they did win, they might not be awarded any more money than the $16.8 million plus interest, as provided for in the Stipulation, that Defendants have agreed to in order to settle the Action. Defendants' lawyers believe the Settlement is fair because even though Defendants deny Lead Plaintiff's claims, Defendants avoid the cost of continued litigation and risk of losing at trial.

### WHO IS INCLUDED IN THE SETTLEMENT?

| 5. | How do I know if I am a Settlement Class Member? |
|---|---|

For the purposes of Settlement, with the few exceptions listed below, everyone who fits the following description is a Settlement Class Member: all persons who purchased or otherwise acquired HCSG common stock during the Settlement Class Period, April 8, 2014, through February 9, 2021, inclusive (the "Settlement Class").

| 6. | Are there any exceptions to being included as a Settlement Class Member? |
|---|---|

Yes.  Excluded from the Settlement Class are:  (i) Defendants and any affiliates or subsidiaries of HCSG; (ii) present or former officers, directors, or controlling persons of HCSG, its subsidiaries, or its affiliates, and their immediate family members; (iii) Defendants' directors' and officers' liability carriers and any affiliates or subsidiaries thereof; (iv) any entity in which any Defendant has or has had a controlling interest; and (v) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding categories.  Also excluded from the Settlement Class are those Persons who timely and validly exclude themselves therefrom by submitting a request for exclusion in accordance with the requirements set forth in question 13 below.

**Please Note**:  Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment from the Settlement.  If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before _____, 2021.

| 7. | I am still not sure if I'm included. |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator at 1-877-777-9675 (Toll Free) or you can fill out the Claim Form described in question number 10 below ("*How can I get a payment?*") to see if you qualify.  You can also contact Lead Counsel at the addresses and phone numbers listed below.  Please do not contact the Court.

**THE SETTLEMENT BENEFITS**

| 8. | What does the Settlement provide? |
|---|---|

Defendants have paid or will pay $16.8 million into an escrow account that will earn interest, as provided for in the Stipulation, for the benefit of the Settlement Class.  After deduction of Taxes, Notice and Administration Costs, Litigation Expenses awarded by the Court, attorneys' fees awarded by the Court, and any other costs, expenses, or amounts as may be approved by the Court, the balance (the "Net Settlement Fund") will be distributed to the Settlement Class Members in accordance with the Plan of Allocation, discussed at pages 16 to 21 below.

In exchange for Defendants' payment, the claims described in response to question number 12 below ("*What am I giving up to get a payment or stay in the Settlement Class?*") will be released, discharged, and dismissed with prejudice.

The proposed Settlement represents a compromise of disputed claims and does not mean that any of the Defendants have been found liable for any claims asserted by Lead Plaintiff.

| 9. | How much will my payment be? |
|---|---|

At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.  Your share of the Net Settlement Fund will depend on the number of valid and timely Claim Forms that Settlement Class Members send in, how many shares of HCSG common stock you bought and sold, and when you bought and sold them.  The Net Settlement Fund will be distributed to Authorized Claimants—i.e., members of the Settlement Class who timely submit valid Claim Forms that show a Recognized Loss and are approved by the Court.

| 10. | How can I get a payment? |
|---|---|

To qualify for payment, you must timely send in a Claim Form to the Claims Administrator.  A Claim Form is attached to this Notice.  Read the instructions carefully, fill out the Claim Form, include all the documents the form asks for, sign it, and mail it postmarked no later than _____.   Unless the Court orders otherwise, if you do not timely submit a Claim Form, you will be barred from receiving any payments from the Net Settlement Fund but will in all other respects be bound by the Judgment in the case.

| 11. | When would I get my payment? |
|---|---|

The Settlement is conditioned on two main events: (i) the entry of the Judgment by the Court, as provided for in the Stipulation, after the Court holds a Final Approval Hearing to decide whether to approve the Settlement; and (ii) the expiration of the applicable period to file all appeals from the judgment.  If the Settlement is approved, it is possible there may be an appeal by someone.  There is always uncertainty as to how these appeals will be resolved, and resolving them can take time, perhaps more than a year.  Also, if certain conditions of the Settlement described in the Stipulation are not met, the Settlement will be terminated and become null and void.  In addition, the Claims Administrator will need time to process all of the timely claims before any distribution can be made.

| 12. | What am I giving up to get a payment or stay in the Settlement Class? |
|---|---|

As a member of the Settlement Class, in consideration for the benefits of the Settlement, you will be bound by the terms of the Settlement, and you will release Defendants' Releasees, as defined below, from the Released Plaintiffs' Claims, as defined below.  Likewise, Defendants will be bound by the terms of the Settlement and will release Plaintiffs' Releasees, as defined below, from the Released Defendants' Claims, as defined below.

"Defendants' Releasees" means, collectively, each and all of (i) the Defendants, the members of each Defendant's immediate family, any entity in which any Defendant or member of any Defendant's immediate family has or had a controlling interest (directly or indirectly), any estate or trust of which any Defendant is a settlor or which is for the benefit of any Defendant and/or members of his/her family; and (ii) for each and every Person listed in part (i), their respective former, present or future parents, subsidiaries, divisions and affiliates and the respective present and former employees, members, partners, principals, officers, directors, controlling shareholders,

Case 2:19-cv-01227-ER   Document 70-4   Filed 06/30/21   Page 61 of 93

11
Questions?  Call 1-877-777-9675 (Toll Free) or Visit: www.HCSGsecuritieslitigation.com.

attorneys, advisors, accountants, auditors, and insurers and reinsurers of each of them; and the predecessors, successors, estates, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

"Released Plaintiffs' Claims" means, collectively, any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that were asserted or could have been asserted in the Action by Lead Plaintiff, or that any Settlement Class Member asserted or could have asserted in the Action or in any forum, including Unknown Claims, which arise out of or relate in any way to both: (i) the purchase or acquisition of shares of HCSG publicly traded common stock during the Settlement Class Period by Settlement Class Members; and (ii) the facts, matters, allegations, transactions, events, disclosures, occurrences, representations, statements, acts or omissions that were alleged or could have been alleged by Lead Plaintiff or any Settlement Class Members in the Action.  "Released Plaintiffs' Claims" does not include claims to enforce the Settlement and does not include or release any derivative claims, including claims asserted in the Verified Shareholder Derivative Complaint in the action *Portia E. McCollum, derivatively on behalf of Healthcare Services Group, Inc. v. Theodore Wahl, et al.*, Civil Action No. 2:20-cv-03426 (E.D. Pa.) or in any other derivative complaints filed against or any derivative demand letters sent to the Board of Directors of HCSG.

"Plaintiffs' Releasees" means Lead Plaintiff, all other Settlement Class Members, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trust, employee's immediate family members, insurers, reinsurers, and attorneys in their capacity as such.

"Released Defendants' Claims" means any and all claims, debts, demands, rights or causes of action of every nature and description (including Unknown Claims), whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution or settlement of the claims against Defendants. Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

"Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

"Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by

Case 2:19-cv-01227-ER    Document 70-4    Filed 06/30/21    Page 62 of 93

12
Questions?  Call 1-877-777-9675 (Toll Free) or Visit: www.HCSGsecuritieslitigation.com.

any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement.

If the Court approves the Settlement, all Settlement Class Members who have not excluded themselves in writing will have fully, finally, and forever settled and released any and all Released Claims, contingent or non-contingent, that now exist, or heretofore have existed, upon any theory of law or equity that were asserted or could have been asserted in the Action.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| 13. | How do I get out of the Settlement? |
| --- | --- |

If you do not wish to be included in the Settlement Class and you do not wish to participate in the proposed Settlement described in this Notice, you may request to be excluded.  To do so, you must submit a written request for exclusion, postmarked no later than _____.   The request for exclusion must: (i) state the name, address, and telephone number of the Person requesting exclusion; (ii) identify each of the Person's purchases or other acquisitions of HCSG common stock made during the Settlement Class Period, including the dates of each purchase or acquisition, the number of shares purchased or otherwise acquired, and the price or consideration paid per share for each such purchase or acquisition; (iii) identify each of the Person's sales or other disposals of HCSG common stock made during the Settlement Class Period, including the dates of each sale or disposal, the number of shares sold or disposed, and the price or consideration received per share for each such sale or disposal; and (iv) state that the Person wishes to be excluded from the Settlement Class. The request must be addressed as follows:

*Healthcare Services Group, Inc. Securities Litigation*
Claims Administrator
c/o A.B. Data, Ltd.
PO Box 173002
Milwaukee, WI 53217

You cannot exclude yourself by phone or by email.

**If you ask to be excluded from the Settlement Class, you will not get any Settlement payment, and you cannot object to the Settlement**.  If you exclude yourself, you will not be legally bound by anything that happens

in this Action.  You may be able to sue (or continue to sue) HCSG and the other Defendants in the future about the claims in this Action.

## THE LAWYERS REPRESENTING YOU

| 14. | Do I have a lawyer in this case? |
| --- | --- |

Yes.  The Court appointed Berman Tabacco, Lead Counsel, to represent all Settlement Class Members.  Lead Counsel may be contacted at the address and phone number listed on page 3 above.  There is no need to retain your own lawyer. If you want to be represented by your own lawyer you may hire one at your own expense.

| 15. | How will the lawyers be paid? |
| --- | --- |

At the Final Approval Hearing, Lead Counsel will ask the Court to approve payment of up to 25% of the Settlement Fund, or approximately $4,200,000 for attorneys' fees and for reimbursement of out-of-pocket expenses not to exceed $530,000.  In addition, Lead Plaintiff may seek up to $20,000 for its time and expenses incurred in representing the Settlement Class.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  The attorneys' fees and expenses requested will be the only payment to Lead Counsel for its efforts in achieving the Settlement and for their risk in undertaking this representation on a wholly contingent basis.  To date, Lead Counsel has not been paid for their services for conducting this Action on behalf of Lead Plaintiff and the Class, nor for their subsequent substantial out-of-pocket expenses. The fee requested will compensate Lead Counsel for their work in achieving the Settlement Fund.  The Court may, however, award less than this amount. In that case the difference will remain with the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

| 16. | How do I tell the Court that I do not like the Settlement? |
| --- | --- |

You can tell the Court that you do not agree with the Settlement or any part of it.

If you are a Settlement Class Member, you can comment or object to the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's fee and expense application.  You can write to the Court setting out your comment or objection.  The Court will consider your views.  To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *Healthcare Services Group, Inc. Securities Litigation*.  Include your name, address, telephone number, and your signature, identify the date(s), price(s), and number(s) of shares of HCSG common stock you purchased, acquired, and sold during the Settlement Class Period, and state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation and/or fee and expense application, including any legal support for such objection.  Any objection must state whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class.  You must also include copies of documents demonstrating such purchase(s),

14
Questions?  Call 1-877-777-9675 (Toll Free) or Visit: www.HCSGsecuritieslitigation.com.

acquisition(s), and/or sale(s).  Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is *received* **no later than _____, 2021:**

| **COURT** | **LEAD PLAINTIFFS' COUNSEL** | **DEFENDANTS' COUNSEL** |
|---|---|---|
| UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF PENNSYLVANIA<br>James A. Byrne U.S. Courthouse<br>601 Market Street<br>Philadelphia, PA 19106 | Patrick T. Egan<br>BERMAN TABACCO<br>One Liberty Square<br>Boston, MA 02109 | Robert L. Hickok<br>TROUTMAN PEPPER HAMILTON SANDERS LLP<br>3000 Two Logan Square<br>Eighteenth & Arch Streets<br>Philadelphia, PA 19103 |

| **17.** | **What's the difference between objecting and being excluded from the Settlement Class?** |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You do not need to attend that hearing but are welcome to attend if you so desire.

| **18.** | **When and where will the Court decide whether to approve the Settlement?** |
|---|---|

The Final Approval Hearing will be held before the Honorable Judge Eduardo C. Robreno, United States District Court for the Eastern District of Pennsylvania, 15614 U.S. Courthouse, 601 Market Street, Courtroom 15-A. Philadelphia, PA 19106 either in person or via video or teleconference.  THE FINAL APPROVAL HEARING DATE MAY CHANGE WITHOUT FURTHER NOTICE TO THE SETTLEMENT CLASS, SO PLEASE CHECK THE SETTLEMENT WEBSITE OR THE COURT'S PACER SYSTEM TO CONFIRM THE HEARING DATE.  At this hearing, the Court will consider (i) whether the Settlement is fair, reasonable, and adequate; (ii) whether the proposed Plan of Allocation to distribute the Settlement proceeds (described on pages 16 to 21 below) is reasonable; and (iii) whether to approve the application by Lead Counsel for attorneys' fees and reimbursement of expenses.  If there are objections, the Court will consider them.  The Court has discretion to listen to people who have made a written request to speak at the hearing.  After the hearing, the Court will decide whether to approve the Settlement and the attorneys' fees and reimbursement of Litigation Expenses request.  We do not know how long these decisions will take.  If you want to attend the hearing, you should check

with Lead Counsel or the Settlement website www.HCSGsecuritieslitigation.com beforehand to be sure that the date and/or time has not changed.

| 19. | Do I have to come to the Final Approval Hearing? |
|---|---|

No. Lead Counsel will answer questions the Judge may have.  But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

| 20. | May I speak at the Final Approval Hearing? |
|---|---|

Any Settlement Class Member who did not request to be excluded from the Settlement Class by _____ is entitled to appear at the Final Approval Hearing, in person or through a duly authorized attorney, and to show cause why the Settlement should not be approved as fair, reasonable, and adequate. However, you may not be heard at the Final Approval Hearing unless, on or before _____, you file a Notice of Intention to Appear and a statement of the position that you will assert and the grounds for the position, together with copies of any supporting papers or briefs with the Clerk of the Court, United States District Court, Eastern District of Pennsylvania, 15614 U.S. Courthouse, 601 Market Street, Courtroom 15-A. Philadelphia, PA 19106, as described in the response to question number 16 ("*How do I tell the Court that I do not like the Settlement?*") above.

Only Settlement Class Members who have submitted written notices in this manner may be heard at the Final Approval Hearing, unless the Court orders otherwise.

## IF YOU DO NOTHING

| 21. | What happens if I do nothing at all? |
|---|---|

If you are a Settlement Class Member but do nothing, then you will get no money from this Settlement.  You must file a Claim Form to be eligible to receive anything from the Settlement.  But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

| 22. | Are there more details about the Settlement? |
|---|---|

Yes.  This Notice summarizes the proposed Settlement. More details (including definitions of various terms used in this Notice) are contained in the pleadings and other papers in this Action, including the formal Stipulation, which have been filed with the Court. Lead Plaintiff's submissions in support of the Settlement and Lead Counsel's fee and expense application will be filed with the Court prior to the Final Approval Hearing. In addition,

information about the Settlement will be posted on the website set up for this case: www. HCSGsecuritieslitigation.com.  If you have any further questions you may contact Lead Counsel identified in the response to question number 14 ("*Do I have a lawyer in this case?*") above. You can also call the Claims Administrator at 1-877-777-9675 (Toll Free) to find answers to common questions about the Settlement and obtain information about the status of the Settlement approval process.

## SPECIAL NOTICE TO NOMINEES

### 23.    Special Notice to Banks, Trustees, Brokerage Firms, or Other Nominees

If you hold any HCSG common stock purchased during the Settlement Class Period as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (i) send a copy of this Notice and the Claim Form by first-class mail to all such Persons; or (ii) provide a list of the names and addresses of such Persons to the Claims Administrator:

*Healthcare Services Group, Inc. Securities Litigation*
Claims Administrator
c/o A.B. Data, Ltd.
PO Box 173002
Milwaukee, WI 53217

If you choose to mail the Notice and Claim Form yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing. Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for reasonable costs actually incurred or expected to be incurred in connection with forwarding the Notice and Claim Form and which would not have been incurred but for the obligation to forward the Notice and Claim Form, upon submission of appropriate documentation to the Claims Administrator.

## UNDERSTANDING YOUR PAYMENT - THE PLAN OF ALLOCATION

### A.    Introduction to the Plan of Allocation

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged misstatements and omissions, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud.  The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula ("Recognized Loss") described below.

A Recognized Loss will be calculated for each share of HCSG common stock ("Common Stock") purchased or otherwise acquired during the Settlement Class Period.[2]  The calculation of Recognized Loss will depend upon

---

[2] Throughout the Settlement Class Period, HCSG Common Stock was listed on Nasdaq exchange under the

several factors, including when shares of HCSG Common Stock were purchased or otherwise acquired during the Settlement Class Period and in what amounts, and whether such stock was sold and, if sold, when and for what amounts.  The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.  The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.  The Court will be asked to approve the Claims Administrator's determinations before the Net Settlement Fund is distributed to Authorized Claimants.

The Plan of Allocation was created with the assistance of a consulting damages expert to calculated how the price of HCSG Common Stock was artificially inflated throughout the Settlement Class Period.  The estimated alleged artificial inflation in the price of HCSG Common Stock during the Settlement Class Period is reflected in Table 1 below.  The computation of the estimated alleged artificial inflation in the price of HCSG Common Stock during the Settlement Class Period is based on certain misrepresentations alleged by Lead Plaintiff and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Lead Plaintiff.

In this Action, Lead Plaintiff alleges that Defendants made false statements and/or omitted material facts during the Settlement Class Period, which had the purported effect of artificially inflating the price of HCSG Common Stock. Lead Plaintiff further alleges that corrective disclosures removed artificial inflation from the price of HCSG Common Stock on March 4, 2019 and February 10, 2021 (the "Corrective Disclosure Dates").  Thus, in order for a Settlement Class Member to have a Recognized Loss under the Plan of Allocation, HCSG Common Stock must have been purchased or acquired during the Settlement Class Period and held through at least one of these Corrective Disclosure Dates.

| Table 1 Artificial Inflation in HCSG Common Stock | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| 4/8/2014 | 3/3/2019 | $5.40 |
| 3/4/2019 | 2/9/2021 | $0.75 |
| 2/10/2021 | Thereafter | $0.00 |

The "90-day lookback" provision of the PSLRA is incorporated into the calculation of the Recognized Loss for HCSG Common Stock.  The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on HCSG Common Stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period.  The Recognized Loss on HCSG Common Stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for

---

symbol HCSG.

such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes, and commissions.  If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero.  Any transactions in HCSG Common Stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session for the U.S. financial markets.

A Recognized Loss will be calculated as set forth below for each share of HCSG Common Stock purchased or otherwise acquired during the Settlement Class Period that is listed in the Claim Form and for which adequate documentation is provided.

Please note that the approval of the Settlement is separate from and not conditioned on the Court's approval of the Plan of Allocation.  You do not need to make any of these calculations yourself.  The Claims Administrator will make all of these calculations for you.

### B.    Calculating Recognized Losses

For each share of HCSG Common Stock purchased or otherwise acquired during the Settlement Class Period, *i.e.*, April 8, 2014, through February 9, 2021, inclusive, the Recognized Loss per share shall be calculated as follows:

I.     For each share of HCSG Common Stock that was sold prior to March 4, 2019, the Recognized Loss per share is $0.00.

II.    For each share of HCSG Common Stock that was purchased during the period April 8, 2014 through March 3, 2019, inclusive, and

   a.    sold between March 4, 2019 and February 9, 2021, inclusive, the Recognized Loss per share is *the lesser of*:

        i.     $4.65; or

        ii.    the purchase price *minus* the sale price.

   b.    sold between February 10, 2021 and May 10, 2021, inclusive, (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

        i.     $5.40; or

        ii.    the purchase price *minus* the "90-Day Lookback Value" on the date of sale as provided in Table 2 below; or

        iii.   the purchase price *minus* the sale price.

Questions?  Call 1-877-777-9675 (Toll Free) or Visit: www.HCSGsecuritieslitigation.com.

    c.    still held as of the close of trading on May 10, 2021, the Recognized Loss per share is *the lesser of*:

        i.    $5.40; or

        ii.    the purchase price *minus* the average closing price for HCSG Common Stock during the 90-Day Lookback Period, which is $29.32.

III.    For each share of HCSG Common Stock that was purchased during the period March 4, 2019 through February 9, 2021, inclusive, and

    a.    sold prior to February 10, 2021, the Recognized Loss per share is $0.00.

    b.    sold between February 10, 2021 and May 10, 2021, inclusive, (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

        i.    $0.75; or

        ii.    the purchase price *minus* the "90-Day Lookback Value" on the date of sale as provided in Table 2 below; or

        iii.    the purchase price *minus* the sale price.

    c.    still held as of the close of trading on May 10, 2021, the Recognized Loss per share is *the lesser of*:

        i.    $0.75; or

        ii.    the purchase price *minus* the average closing price for HCSG Common Stock during the 90-Day Lookback Period, which is $29.32.

| Table 2 90-Day Lookback Value by Sale/Disposition Date | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 2/10/2021 | $30.90 | 3/12/2021 | $29.46 | 4/13/2021 | $28.99 |
| 2/11/2021 | $31.08 | 3/15/2021 | $29.48 | 4/14/2021 | $28.99 |
| 2/12/2021 | $30.96 | 3/16/2021 | $29.46 | 4/15/2021 | $28.98 |
| 2/16/2021 | $30.79 | 3/17/2021 | $29.44 | 4/16/2021 | $28.98 |
| 2/17/2021 | $30.67 | 3/18/2021 | $29.41 | 4/19/2021 | $28.97 |
| 2/18/2021 | $30.38 | 3/19/2021 | $29.39 | 4/20/2021 | $28.95 |

20
Questions?  Call 1-877-777-9675 (Toll Free) or Visit: www.HCSGsecuritieslitigation.com.

| | | | | | |
|---|---|---|---|---|---|
| 2/19/2021 | $30.24 | 3/22/2021 | $29.36 | 4/21/2021 | $29.00 |
| 2/22/2021 | $30.14 | 3/23/2021 | $29.30 | 4/22/2021 | $29.05 |
| 2/23/2021 | $30.02 | 3/24/2021 | $29.24 | 4/23/2021 | $29.10 |
| 2/24/2021 | $30.00 | 3/25/2021 | $29.21 | 4/26/2021 | $29.15 |
| 2/25/2021 | $29.87 | 3/26/2021 | $29.19 | 4/27/2021 | $29.19 |
| 2/26/2021 | $29.75 | 3/29/2021 | $29.15 | 4/28/2021 | $29.23 |
| 3/1/2021 | $29.76 | 3/30/2021 | $29.12 | 4/29/2021 | $29.24 |
| 3/2/2021 | $29.72 | 3/31/2021 | $29.09 | 4/30/2021 | $29.26 |
| 3/3/2021 | $29.63 | 4/1/2021 | $29.08 | 5/3/2021 | $29.27 |
| 3/4/2021 | $29.53 | 4/5/2021 | $29.07 | 5/4/2021 | $29.28 |
| 3/5/2021 | $29.49 | 4/6/2021 | $29.05 | 5/5/2021 | $29.29 |
| 3/8/2021 | $29.48 | 4/7/2021 | $29.03 | 5/6/2021 | $29.30 |
| 3/9/2021 | $29.46 | 4/8/2021 | $29.01 | 5/7/2021 | $29.32 |
| 3/10/2021 | $29.46 | 4/9/2021 | $29.01 | 5/10/2021 | $29.32 |
| 3/11/2021 | $29.46 | 4/12/2021 | $29.00 | | |

### C.    General Provisions Applicable to the Plan of Allocation

The payment you receive will reflect your proportionate share of the Net Settlement Fund.  Such payment will depend on the number of eligible securities that participate in the Settlement, and when those securities were purchased and sold.  The number of Claimants who send in Claims varies widely from case to case.

A purchase or sale of HCSG Common Stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

Acquisition by Gift, Inheritance, or Operation of Law: If a Settlement Class Member acquired HCSG Common Stock during the Settlement Class Period by way of gift, inheritance, or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. Notwithstanding any of the above, receipt of HCSG Common Stock during the Settlement Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of HCSG Common Stock.

If a Settlement Class Member made more than one purchase/acquisition or sale of HCSG Common Stock during the Settlement Class Period, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis such that Settlement Class Period sales will be matched against previous purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

The date of covering a "short sale" of HCSG Common Stock is deemed to be the date of purchase of HCSG shares.  The date of a "short sale" of HCSG Common Stock is deemed to be the date of sale of HCSG shares.  In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero.  In the event that

a Claimant has a short position in HCSG Common Stock, the earliest subsequent Settlement Class Period purchases shall be matched against such short position and not be entitled to a recovery until that short position is fully covered.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants.  A Recognized Loss will be calculated as defined herein and cannot be less than zero.  The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its total Recognized Losses as compared to the total Recognized Losses of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Settlement Class Members who do not submit an acceptable Claim Form will not share in the Settlement proceeds. The Stipulation and Judgment dismissing this Action will nevertheless bind Settlement Class Members who do not submit a request for exclusion or submit an acceptable Claim Form.

Defendants, their respective counsel, and all other Defendants' Releasees will have no responsibility for, interest in, or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund (except insofar as Defendants' insurance carrier retains the right to a potential refund of the Settlement Amount and accrued interest thereon pursuant to the terms of ¶ 7.3 of the Stipulation), the Plan of Allocation, the determination, administration, or calculation of Claims, the payment of any Claim, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.  Lead Plaintiff, the Escrow Agent, Plaintiff's Counsel, or any Claims Administrator likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

No Authorized Claimant will have any claim against Lead Plaintiff, Lead Counsel, or the Claims Administrator, or any other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation, the Plan of Allocation, or further orders of the Court.  In addition, in the interest of achieving substantial justice, Lead Counsel will have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claim Forms filed.

Date: _____                              THE HONORABLE EDUARDO C. ROBRENO
                                                   District Judge, United States District Court for
                                                   the Eastern District of Pennsylvania

# Exhibit A-2

*Healthcare Services Group Securities Litigation*
**c/o A.B. Data, Ltd.**
**P.O. Box 173002**
**Milwaukee, WI 53217**
**Toll-Free Number: 1-877-777-9675**
**Settlement Website: www.HCSGsecuritieslitigation.com**
**Email: info@HCSGSecuritiesLitigation.com**

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of *Utah Retirement Systems v. Healthcare Services Group, Inc. et al.*, No. 2:19-cv-01227-ER (E.D. Pa.) (the "Action"), pending in the United States District Court for the Eastern District of Pennsylvania (the "Court"), you must be a Settlement Class Member and complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by First-Class Mail to the above address, **postmarked no later than _____ , 2021**.

Failure to submit your Claim Form by the date specified will subject your Claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the Settling Parties, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **2** |
| **PART II – GENERAL INSTRUCTIONS** | **3** |
| **PART III – SCHEDULE OF TRANSACTIONS IN**<br>       **HEALTHCARE SERVICES GROUP  COMMON STOCK** | **5** |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | **6** |

## PART I – CLAIMANT INFORMATION

(Please read Part II. General Instructions below before completing this page.)

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's Name

Co-Beneficial Owner's Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit, or box number)

City                                    State                Zip Code

Foreign Country (only if not USA)

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (day)                              Telephone Number (evening)

Email address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this Claim.)

Account Number (account(s) through which the securities were traded)[1]

Claimant Account Type (check appropriate box):
☐    Individual (includes joint owner accounts)    ☐    Pension Plan    ☐    Trust

☐    Corporation    ☐    Estate

☐    IRA/401K    ☐    Other _____ (please specify)

---

[1] If the account number is unknown, you may leave blank. If filing for more than one account for the same legal entity, you may write "multiple." Please see paragraph 11 of the General Instructions for more information on when to file separate Claim Forms for multiple accounts, *i.e.*, when you are filing on behalf of distinct legal entities.

**PART II – GENERAL INSTRUCTIONS**

1.      It is important that you completely read and understand the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      This Claim Form is directed to all Persons who purchased or otherwise acquired Healthcare Services Group common stock (Ticker: HCSG) (CUSIP: 421906108) during the period between April 8, 2014 through February 9, 2021, inclusive, and were allegedly damaged thereby ("Settlement Class").  Any Person who falls within the definition of the Settlement Class is referred to as a "Settlement Class Member."

3.      Excluded from the Settlement Class are: (i) Defendants and any affiliates or subsidiaries of HCSG; (ii) present or former officers, directors, or controlling persons of HCSG, its subsidiaries, or its affiliates, and their immediate family members; (iii) Defendants' directors' and officers' liability carriers and any affiliates or subsidiaries thereof; (iv) any entity in which any Defendant has or has had a controlling interest; and (v) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding categories.   Also excluded from the Settlement Class are any Persons who otherwise satisfy the above requirements for membership in the Settlement Class, but who exclude themselves by submitting a valid request for exclusion in accordance with the requirements set forth in the Notice.

4.      If you are not a Settlement Class Member, do not submit a Claim Form.  YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.  THUS, IF YOU ARE EXCLUDED FROM THE CLASS (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

5.      If you are a Settlement Class Member, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM, unless you submit a request for exclusion from the Class.  Thus, if you are a Settlement Class Member, the Judgment will release, and enjoin the filing or continued prosecution of, the Released Plaintiffs' Claims against the Defendants and Defendants' Releasees.

6.      You are eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Class and if you complete and return this Claim Form as specified herein.  If you fail to submit a timely, properly addressed, and completed Claim Form with the required documentation, your Claim may be rejected, and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.      Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

8.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) in and holdings of Healthcare Services Group common stock.  On the Schedule of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Healthcare Services Group common stock, whether such transactions resulted in a profit or a loss.  Failure to report all transaction and holding information during the requested time periods may result in the rejection of your Claim.

9.      Please note: To be eligible to receive a distribution under the Plan of Allocation, you must have purchased or otherwise acquired Healthcare Services Group common stock between April 8, 2014 through February 9, 2021, inclusive.

10.     You are required to submit genuine and sufficient documentation for all of your transactions and holdings of Healthcare Services Group common stock set forth in the Schedule of Transactions in Part III of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Healthcare Services Group common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, please do not highlight any portion of the Claim Form or any supporting documents.**

11.     **One Claim Form should be submitted for each separate legal entity or separately managed account**.  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, an individual should not combine his or her IRA holdings and transactions with holdings and transactions made solely in the individual's name).  Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form.  However, if a single person or legal entity had multiple accounts that were separately managed, separate Claim Forms may be submitted for each such account.  The

Claims Administrator reserves the right to request information on all the holdings and transactions in Healthcare Services Group common stock made on behalf of a single beneficial owner.

12.    All joint beneficial owners must sign this Claim Form. If you purchased or otherwise acquired Healthcare Services Group common stock and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement. If, however, you purchased or otherwise acquired Healthcare Services Group common stock and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

13.    Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)    expressly state the capacity in which they are acting;

(b)    identify the name, account number, Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Healthcare Services Group common stock; and

(c)    furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

14.    By submitting a signed Claim Form, you will be swearing that you:

(a)    own(ed) the Healthcare Services Group common stock you have listed in the Claim Form; or

(b)    are expressly authorized to act on behalf of the owner thereof.

15.    By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your Claim and may subject you to civil liability or criminal prosecution.

16.    If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all Claims processing. This could take substantial time. Please be patient.

17.    PLEASE NOTE: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

18.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, A.B. Data, Ltd., by email at info@HCSGSecuritiesLitigation.com, or by toll-free phone at 1-877-777-9675, or you may download the documents from the Settlement website, www.HCSGsecuritieslitigation.com.

19.    NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at www.HCSGsecuritieslitigation.com, or you may email the Claims Administrator's electronic filing department at info@HCSGSecuritiesLitigation.com. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your Claim numbers and respective account information. Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@HCSGSecuritiesLitigation.com to inquire about your file and confirm it was received and acceptable.

**IMPORTANT: PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL-FREE AT 1-877-777-9675.**

**PART III – SCHEDULE OF TRANSACTIONS IN HEALTHCARE SERVICES GROUP COMMON STOCK**

Complete this Part III if, and only if, you purchased or otherwise acquired Healthcare Services Group common stock during the period April 8, 2014 through February 9, 2021, inclusive.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above.  Do not include information in this section regarding securities other than Healthcare Services Group common stock (Ticker: HCSG) (CUSIP: 421906108).

**1.  HOLDINGS AS OF APRIL 7, 2014 –** State the total number of shares of Healthcare Services Group common stock (Ticker: HCSG) currently held as of the close of trading on April 7, 2014.  (Must be documented.)  If none, write "zero" or "0."

**2.  PURCHASES/ACQUISITIONS FROM APRIL 8, 2014 THROUGH FEBRUARY 9, 2021** – Separately list each and every purchase/acquisition of Healthcare Services Group common stock (Ticker: HCSG) made from after the opening of trading on April 8, 2014, through and including the close of trading on February 9, 2021.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/Acquisition Price Per Share | Total Purchase/Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

**3.  PURCHASES/ACQUISITIONS FROM FEBRUARY 10, 2021, THROUGH MAY 10, 2021. –** State the total number of shares of Healthcare Services Group common stock (Ticker: HCSG) purchased/acquired from after the opening of trading on February 10, 2021, through and including the close of trading on May 10, 2021.  If none, write "zero" or "0."

**4.  SALES OF HEALTHCARE SERVICE GROUP COMMON STOCK FROM APRIL 8, 2014 THROUGH MAY 10, 2021** – Separately list each and every sale/disposition of Healthcare Services Group common stock (Ticker: HCSG) that were purchased or otherwise acquired from after the opening of trading on April 8, 2014, through and including the close of trading on May 10, 2021.  (Must be documented.)

**IF NONE, CHECK HERE** ☐

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

**5.  HOLDINGS AS OF MAY 10, 2021 –** State the total number of shares of Healthcare Services Group common stock (Ticker: HCSG) currently held as of the close of trading on May 10, 2021.  (Must be documented.)  If none, write "zero" or "0."

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX. ☐**
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED.**

**PART VI – RELEASE OF CLAIMS AND SIGNATURE**

*YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 8 OF THIS CLAIM FORM.*

I (we) hereby acknowledge that, as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, affiliates, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Plaintiffs' Released Claims (as defined in the Stipulation and in the Notice) against Defendants and Defendants' Releasees (as defined in the Stipulation and in the Notice), whether served or unserved with any complaint in the Action, and shall have covenanted not to sue Defendants or Defendants' Releasees with respect to all such Released Plaintiffs' Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Plaintiffs' Claims, either directly, representatively, derivatively, or in any other capacity, against any of Defendants or Defendants' Releasees.

**CERTIFICATION**

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) certifies (certify), as follows:

1.      that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the Claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice and in paragraph 2 on page 3 of this Claim Form, and is (are) not excluded from the Settlement Class by definition or pursuant to request as set forth in the Notice and in paragraph 3 on page 3 of this Claim Form;

3.      that I (we) own(ed) the Healthcare Services Group common stock and have not assigned the claim against the Defendants' Releasees to another or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4.      that the Claimant(s) has (have) not submitted any other Claim covering the same purchases/acquisitions of Healthcare Services Group common stock and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

5.      that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') Claim and for purposes of enforcing the releases set forth herein;

6.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

7.      that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the Claim made by this Claim Form;

8.      that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

9.      that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it is no longer subject to backup withholding.  **If the IRS has notified the Claimant(s) that he, she, or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the Claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of Claimant                                    Date

_____

Print your name here

_____

Signature of joint Claimant, if any                      Date

_____

Print your name here

*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of person signing on behalf of Claimant        Date

_____

Print your name here

**Capacity of person signing on behalf of Claimant, if other than an individual,** *e.g.*, **executor, president, trustee, custodian,** *etc*. **(Must provide evidence of authority to act on behalf of Claimant –** *see* **paragraph 13 on page 4 of this Claim Form.)**

### REMINDER CHECKLIST:

1.  Please sign the above release and certification.  If this Claim Form is being made on behalf of joint Claimants, then both must sign.
2.  Remember to attach only **copies** of acceptable supporting documentation, as these documents will not be returned to you.
3.  Please do not highlight any portion of the Claim Form or any supporting documents.
4.  Do not send original security certificates or documentation.  These items cannot be returned to you by the Claims Administrator.
5.  Keep copies of the completed Claim Form and documentation for your own records.
6.  The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your Claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1-877-777-9675.**
7.  If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.
8.  If you have any questions or concerns regarding your Claim, please contact the Claims Administrator at the address below, by email at info@HCSGSecuritiesLitigation.com, toll-free at 1-877-777-9675, or visit www.HCSGsecuritieslitigation.com.

Please DO NOT call Healthcare Services Group or any of the other Defendants or their counsel with questions regarding your Claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____, 2021**, ADDRESSED AS FOLLOWS:

*Healthcare Services Group Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173002
Milwaukee, WI 53217

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted if a postmark date on or before _____, 2021 is indicated on the envelope and it is mailed First-Class and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

*This Page Left Intentionally Blank*

*Healthcare Services Group Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173002
Milwaukee, WI 53217

**COURT-APPROVED NOTICE REGARDING**
*Healthcare Services Group Securities Litigation*

# Exhibit A-3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UTAH RETIREMENT SYSTEMS, Individually and on Behalf of All Others Similarly Situated,<br><br><br>Plaintiff,<br><br>v.<br><br>HEALTHCARE SERVICES GROUP, INC., DANIEL P. MCCARTNEY, THEODORE WAHL, JOHN C. SHEA, and MATTHEW J. MCKEE,<br><br><br>Defendants. | Case No. 2:19-CV-01227-ER |

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, FINAL APPROVAL HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:    All Persons that purchased or otherwise acquired Healthcare Services Group, Inc. ("HCSG") common stock during the period from April 8, 2014, through and including February 9, 2021 (the "Settlement Class Period").**

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY THE PROPOSED SETTLEMENT OF A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

PLEASE DO NOT CONTACT THE COURT, HCSG, OR ANY OTHER DEFENDANT OR THEIR COUNSEL, REGARDING THIS NOTICE.

ALL QUESTIONS ABOUT THIS NOTICE, THE PROPOSED SETTLEMENT, OR YOUR ELIGIBILITY TO PARTICIPATE IN THE PROPOSED SETTLEMENT SHOULD BE DIRECTED TO LEAD COUNSEL OR THE CLAIMS ADMINISTRATOR, WHOSE CONTACT INFORMATION IS PROVIDED BELOW. ADDITIONAL INFORMATION ABOUT THE SETTLEMENT IS AVAILABLE ON THE SETTLEMENT WEBSITE: www.HCSGsecuritieslitigation.com.

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court, that the Settlement Class in the above-captioned litigation (the "Action") has been preliminarily certified for the purposes of the proposed settlement only.

**YOU ARE ALSO NOTIFIED** that Utah Retirement Systems ("Lead Plaintiff"), on behalf of itself and the proposed Settlement Class, and the Defendants have reached a proposed settlement of the Action for $16,800,000 in cash (the "Settlement Amount"), that, if approved, will resolve all claims in the Action (the "Settlement").

A hearing (the "Final Approval Hearing") will be held before the Honorable Eduardo C. Robreno, United States District Judge for the United States District Court for the Eastern District of Pennsylvania, either via telephonic or video conference, or in  Courtroom 15-A, 15614 U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106 at ___ on ____, to, among other things, determine whether: (i) the proposed Settlement should be approved by the Court as fair, reasonable, and adequate; (ii) the Action should be dismissed with prejudice against the Defendants, as set forth in the Stipulation and Agreement of Settlement ("Stipulation"), dated June 29, 2021; (iii) the proposed Plan of

Allocation for distribution of the Settlement Fund, and any interest earned thereon, less Taxes, Notice and Administration Costs, Litigation Expenses awarded by the Court, attorneys' fees awarded by the Court, and any other costs, expenses, or amounts as may be approved by the Court (the "Net Settlement Fund") should be approved as fair and reasonable; and (iv) the application of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved. The Court may change the date of the Final Approval Hearing without providing another notice. You do NOT need to attend the Final Approval Hearing in order to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS MAY BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO SHARE IN THE NET SETTLEMENT FUND.** If you have not yet received (i) the printed Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice"), or (ii) the Proof of Claim and Release Form ("Claim Form"), you can obtain a copy of those documents on the website www.HCSGsecuritieslitigation.com, or by contacting the Claims Administrator:

*Healthcare Services Group Securities Litigation*
Claims Administrator
c/o A.B. Data, Ltd.
P.O. Box 173002
Milwaukee, WI 53217

Please refer to the website for more detailed information and to review the Settlement documents. Inquiries other than requests for information about the status of a Claim may also be made to Lead Counsel:

Patrick T. Egan
Berman Tabacco
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300

If you are a potential Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund you must timely submit a valid Claim Form, which can be found on the website listed above, ***postmarked no later than*** _____. If you are a potential Settlement Class Member and do not submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a potential Settlement Class Member, but wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice, which can also be found on the website, ***postmarked no later than*** _____. If you are a potential Settlement Class Member and do not timely exclude yourself from the Settlement Class, you will be bound by any judgments or orders entered by the Court in the Action.

Any objections to the proposed Settlement, Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses must be submitted to the Court in accordance with the instructions set forth in the Notice, ***received no later than*** _____, and filed with the Court ***no later than*** _____.

DATED: _____                    THE HONORABLE EDUARDO C. ROBRENO
                                           District Judge, United States District Court for
                                           the Eastern District of Pennsylvania

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UTAH RETIREMENT SYSTEMS,<br><br>       Plaintiff,<br><br>v.<br><br>HEALTHCARE SERVICES GROUP, INC., DANIEL P. MCCARTNEY, THEODORE WAHL, JOHN C. SHEA, and MATTHEW J. MCKEE,<br><br>       Defendants. | Case No. 2:19-cv-01227-ER |

**[PROPOSED] FINAL JUDGMENT**
**AND ORDER OF DISMISAL WITH PREJUDICE**

This matter came before the Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated _____, 2021, on the application of the parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement, dated June 29, 2021 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Settlement Class.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Notice Order and finally certifies, for purposes of settlement only, a

- 1 -

Settlement Class defined as: all Persons who purchased or otherwise acquired the common stock of HCSG between April 8, 2014 through February 9, 2021, inclusive (the "Settlement Class Period"), and were allegedly damaged thereby. Excluded from the Settlement Class are: (a) Defendants and any affiliates or subsidiaries of HCSG; (b) present or former officers, directors, or controlling persons of HCSG, its subsidiaries, or its affiliates, and their immediate family members; (c) Defendants' directors' and officers' liability carriers and any affiliates or subsidiaries thereof; (d) any entity in which any Defendant has or has had a controlling interest; and (e) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding categories.

Also excluded from the Settlement Class is any Settlement Class Member that validly and timely requested exclusion in accordance with the requirements set by the Court. A copy of the valid exclusions are attached hereto as Exhibit 1.

The Court finds that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Settlement Class are impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual question; (c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class; (d) the Lead Plaintiff and its counsel have fairly and adequately represented and protected the Members of the Settlement Class; (e) the questions of law and fact common to the Members of the Settlement Class predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (a) the interests of the Members of the Settlement Class individually controlling the prosecution with separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (c) the

- 2 -

desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a)    said Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Settlement Class;

(b)    there was no collusion in connection with the Stipulation;

(c)    the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d)    the record is sufficiently developed and complete to have enabled Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Settlement Class, the Court hereby dismisses the Action and all claims asserted therein with prejudice.  The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiff shall, and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Plaintiffs' Released Claims against the Defendants and Defendants' Releasees (including Unknown Claims), whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release Form

- 3 -

or shares in the Net Settlement Fund.  Claims to enforce the terms of the Stipulation are not released.

Upon the Effective Date, and as provided in the Stipulation, all Settlement Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Claims against any of the Released Persons.

Upon the Effective Date, and as provided in the Stipulation, each of the Defendants and Defendants' Releasees shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against the Lead Plaintiff, each and all of the Settlement Class Members, Lead Plaintiff's Counsel and other Plaintiffs' Releasees.  Claims to enforce the terms of the Stipulation or any order of the Court in the Action are not released.

The Notice of Pendency and Proposed Settlement of Class Action given to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Settlement Class who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and Litigation Expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

- 4 -

Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective related Parties, or (b) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Defendants and/or their respective related Parties may file the Stipulation and/or this Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, reimbursement of Litigation Expenses, and interest in the Action; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be

rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in the Action as of March 17, 2021, as provided in the Stipulation.

Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

The Court directs immediate entry of this Judgment by the Clerk of the Court.


IT IS SO ORDERED.


DATED: _____        _____

THE HONORABLE EDUARDO C. ROBRENO
UNITED STATES DISTRICT JUDGE

EXHIBIT B

**Exhibit 1**

**[A DRAFT EXHIBIT 1 WILL BE PROVIDED TO THE COURT IN ADVANCE OF THE SETTLEMENT HEARING AND AFTER THE DATE FOR FILING EXLCUSION REQUESTS HAS PASSED]**