**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| UTAH RETIREMENT SYSTEMS,<br><br>    Plaintiff,<br><br>v.<br><br>HEALTHCARE SERVICES GROUP, INC., DANIEL P. MCCARTNEY, THEODORE WAHL, JOHN C. SHEA, and MATTHEW  J. MCKEE,<br><br>    Defendants. | Case No. 2:19-cv-01227-ER |

**[PROPOSED] FINAL JUDGMENT**
**AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice dated September 14, 2021 (ECF No. 72, the "Notice Order"), on the application of the parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement, dated June 29, 2021 (ECF No. 70-4, the "Stipulation").  Due and adequate notice having been given to the Settlement Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Settlement Class.

- 1 -

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Notice Order and finally certifies, for purposes of settlement only, a Settlement Class defined as:  all Persons who purchased or otherwise acquired the common stock of HCSG between April 8, 2014 through February 9, 2021, inclusive (the "Settlement Class Period"), and were allegedly damaged thereby.  Excluded  from the Settlement Class are: (a) Defendants and any affiliates or subsidiaries of HCSG; (b) present or former officers, directors, or controlling persons of HCSG, its subsidiaries, or its affiliates, and their immediate family members; (c) Defendants' directors' and officers' liability carriers and any affiliates or subsidiaries thereof; (d) any entity in which any Defendant has or has had a controlling interest; and (e) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding categories.

[Also excluded from the Settlement Class is any Settlement Class Member that validly and timely requested exclusion in accordance with the requirements set by the Court.  A copy of the valid exclusions is attached hereto as Exhibit 1.]

The Court finds that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Settlement Class are impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual question; (c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class; (d) the Lead Plaintiff and its counsel have fairly and adequately represented and protected the Members of the Settlement Class; (e) the questions of law and fact common to the Members of the Settlement Class predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (a) the interests of the Members of the Settlement Class individually

controlling the prosecution with separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (c) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a)    said Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Settlement Class;

(b)    there was no collusion in connection with the Stipulation;

(c)    the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d)    the record is sufficiently developed and complete to have enabled Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. [Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Settlement Class,] the Court hereby dismisses the Action and all claims asserted therein with prejudice. The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiff shall, and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Plaintiffs' Released Claims against the Defendants and Defendants' Releasees (including Unknown Claims), whether

or not such Settlement Class Member executes and delivers the Proof of Claim and Release Form or shares in the Net Settlement Fund.  Claims to enforce the terms of the Stipulation are not released.

Upon the Effective Date, and as provided in the Stipulation, all Settlement Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Claims against any of the Released Persons.

Upon the Effective Date, and as provided in the Stipulation, each of the Defendants and Defendants' Releasees shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against the Lead Plaintiff, each and all of the Settlement Class Members, Lead Plaintiff's Counsel and other Plaintiffs' Releasees.  Claims to enforce the terms of the Stipulation or any order of the Court in the Action are not released.

The Notice of Pendency and Proposed Settlement of Class Action given to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Settlement Class who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and Litigation Expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective related Parties, or (b) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Defendants and/or their respective related Parties may file the Stipulation and/or this Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, reimbursement of Litigation Expenses, and interest in the Action; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in the Action as of March 17, 2021, as provided in the Stipulation.

Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED:  _____          _____
                               THE HONORABLE EDUARDO C. ROBRENO
                               UNITED STATES DISTRICT JUDGE

- 6 -

## **Exhibit 1**

**[A DRAFT EXHIBIT 1 WILL BE PROVIDED TO THE COURT IN ADVANCE OF THE SETTLEMENT HEARING AND AFTER THE DATE FOR FILING EXCLUSION REQUESTS HAS PASSED]**