**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

UTAH RETIREMENT SYSTEMS, Individually
and on Behalf of All Others Similarly Situated,

               Plaintiff,

v.

HEALTHCARE SERVICES GROUP, INC.,
DANIEL P. MCCARTNEY, THEODORE
WAHL, JOHN C. SHEA, and MATTHEW J.
MCKEE,

               Defendants.

Case 2:19-cv-01227-ER

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF (I) LEAD
PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
AND PLAN OF ALLOCATION AND FOR CERTIFICATION OF SETTLEMENT
CLASS; AND (II) LEAD PLAINTIFF'S COUNSEL'S MOTION FOR AN AWARD OF
ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND
<u>AWARD TO LEAD PLAINTIFF PURSUANT TO 15 U.S.C. § 78u 4(A)(4)</u>**

In accordance with the Court's September 14, 2021 Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 72, the "Preliminary Approval Order"), Lead Plaintiff Utah Retirement Systems ("URS" or "Lead Plaintiff"), on behalf of itself and the Settlement Class, respectfully submits this reply memorandum of law in further support of Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation and For Certification of Settlement Class (ECF No. 77, the "Final Approval Motion").[1]  Lead Plaintiff's Counsel also submit this reply in further support of Lead Plaintiff's Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Award to Lead Plaintiff Pursuant to 15 U.S.C. § 78u-4(a)(4) (ECF No. 78, the "Fee Motion," together with the Final Approval Motion, the "Motions").

## I.    PRELIMINARY STATEMENT

Lead Plaintiff and Lead Plaintiff's Counsel are pleased to advise the Court that there has been a resoundingly positive reaction from the Settlement Class to the proposed $16.8 million Settlement and Plan of Allocation and the request for attorneys' fees, reimbursement of litigation expenses, and award to Lead Plaintiff URS.  There are no objections to any aspect of the Settlement and no opposition to the Motions, and there have been only three requests for exclusion received, none of which are from an institutional investor.  Accordingly, for the reasons set forth herein and in the Motions and supporting papers filed therewith on December 3, 2021

---

[1]  All capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Stipulation and Agreement of Settlement (with attachments thereto), dated June 29, 2021 and filed on June 30, 2021 ("Stipulation") (ECF No. 70-4), or in the Declaration of Patrick T. Egan in Support of (1) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation and Certification of Settlement Class, and (2) Lead Plaintiff's Counsel's Motion for an Award of Attorneys' Fees and Litigation Expenses and Award to Lead Plaintiff Pursuant To 15 U.S.C. § 78u-4(A)(4) (ECF No. 79).  Unless otherwise indicated, all emphasis is added and all alterations, internal quotation marks and citations are omitted.

(*see* ECF Nos. 77-79, the "Opening Papers"), (i) the Settlement should be approved as "fair, reasonable and adequate" under Fed. R. Civ. P. 23(e); and (ii) Lead Plaintiff's Counsel's request for attorneys' fees, litigation expenses, and award to URS should be approved.

In accordance with the Preliminary Approval Order, the Court-appointed Claims Administrator, A.B. Data Ltd. ("A.B. Data"), disseminated 161,839 copies of the Notice and Claim Form ("Notice Packet") to potential Settlement Class Members or their nominees.[2]  The Notice informed recipients of, among other things, the essential terms of the Settlement, the Plan of Allocation, and Lead Counsel's intent to apply to the Court for attorneys' fees not to exceed 25% of the Settlement Fund and reimbursement of Litigation Expenses not to exceed $550,000 (inclusive of a reimbursement of up to $20,000 to URS).  In addition, the Notice—along with copies of the Opening Papers—was made available on the case-specific website established for the Settlement, http://www.HCSGSecuritiesLitigation.com, and the Summary Notice was published in *Investor's Business Daily* and transmitted over the *PR Newswire*.[3]  Lead Plaintiff's Counsel also been informed that notice of the Settlement was provided by Defendants to the Attorney General of the United States and the "appropriate State official" of each state pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, on or about July 7, 2021.

Pursuant to the Preliminary Approval Order, and as stated in the Notice and on the settlement website, the deadline for objections and requests for exclusion was December 17,

---

[2]  *See* Supplemental Declaration of Adam D. Walter of A.B. Data, Ltd. Regarding (A) Mailing of the Notice and Claim Form; and (B) Report on Requests for Exclusion, dated January 3, 2022 ("Supplemental A.B. Data Declaration" or "Supp. A.B. Data Decl."), ¶¶ 3-6, attached as Exhibit 1 hereto.  *See also* ECF No. 77-2 at 6-8; ECF No. 79 at ¶¶ 38-44; Declaration of Adam D. Walter of A.B. Data, Ltd. Regarding: (A) Mailing of the Notice and Claim Form; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion Received to Date, ECF No. 79-1 ("A.B. Data Decl."), at ¶¶ 2-11.

[3]  *See* Supp. A.B. Data Decl. ¶ 8; *see also* A.B. Data Decl. at ¶ 9).

2021.  In response to the extensive, Court-approved program for providing Notice to the Settlement Class, ***not a single member of the Settlement Class has objected to any aspect of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses***. Further, there have been only three requests for exclusion submitted by individuals claiming to be members of the Settlement Class, none of whom are institutional investors.[4]

The Settlement Class's reaction is powerful evidence that confirms the fairness, adequacy and reasonableness of the Settlement, the Plan of Allocation, and Lead Plaintiff's Counsel's request for attorneys' fees and expenses.

## II.    ARGUMENT

### A.    The Reaction of the Settlement Class Strongly Supports Approval of the Settlement and the Plan of Allocation

The reaction of a class to a settlement is an important factor in assessing the fairness and adequacy of the settlement.  *See Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975) (describing the second "*Girsh* factor").  Here, the absence of ***any*** objections from Settlement Class Members strongly supports a finding that the Settlement is fair, reasonable, and adequate.  *See, e.g., In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 438 (3d Cir. 2016), as amended (May 2, 2016) (finding that objections from approximately 1% of class members weighs in favor of settlement approval); *Bell Atl. Corp. v. Bolger*, 2 F.3d 1304, 1313 & n.15 (3d Cir. 1993) (stating that "silence constitutes tacit consent to the agreement" where only 30 out of approximately 1.1 million shareholders had objected to the settlement); *In re Linerboard Antitrust*

---

[4] As noted in the Supplemental A.B. Declaration, three requests for exclusion were received before the exclusion deadline.  *See* Supp. A.B. Data Decl. at ¶¶ 9-10 and Ex. A thereto.  Lead Plaintiff takes no position on the validity of these requests for exclusion and Defendants do not object to the exclusion of these three individuals from the Settlement.  Accordingly, Lead Plaintiff will submit to the Court a revised Final Approval Order that includes, as an Exhibit thereto, a list of the three individuals to be excluded from the Settlement.

*Litig.*, 296 F. Supp. 2d 568, 578 (E.D. Pa. 2003) ("unanimous approval of the proposed settlement by the class members is entitled to nearly dispositive weight in this court's evaluation of the proposed settlement").  Moreover, in the context of a securities class action settlement, the absence of objections from institutional investors that have ample means and incentive to object to a settlement they believe is unsatisfactory is further evidence of the Settlement's fairness.  *See*, *e.g.*, *In re Wilmington Tr. Sec. Litig.*, No. 10-CV-0990-ER, 2018 WL 6046452, at \*5 (D. Del. Nov. 19, 2018) (finding lack of objections from institutional investors weighed in favor of final approval); *In re AT&T Corp. Sec. Litig.*, MDL No. 1399, 2005 WL 6716404, at \*4 (D.N.J. Apr. 25, 2005) (approving settlement where "no objections were filed by any institutional investors who had great financial incentive to object").

Likewise, the fact that only three requests for exclusion were received from Settlement Class Members following the mailing of 161,839 Notice Packets to potential Settlement Class Members and the dissemination of the Publication Notice further supports approval of the Settlement and satisfies the second *Girsh* factor.  *See*, *e.g.*, *Whiteley v. Zynerba Pharms., Inc.*, No. CV 19-4959, 2021 WL 4206696, at \* 3 (E.D. Pa. Sept. 16, 2021) (finding that lack of objections and two opt-outs from a class of potentially more than 24,000 individuals provided "persuasive evidence of the fairness and adequacy of the proposed settlement, and weighs in favor of a final approval" (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 234-35 (3d Cir. 2001))); *In re Processed Egg Prods. Antitrust Litig.*, 284 F.R.D. 249, 269 (E.D. Pa. 2012) (finding that 150 opt-outs after the mailing of over 13,200 settlement notices was "virtually [*de*] *minimis*" and weighed in favor of final approval); *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 527 (E.D. Mich. Oct. 10, 2003) (finding where "overwhelming majority of class members have

elected to remain in the Settlement Class, without objection," the "reaction of the class," "demonstrates that the Settlement is fair, reasonable, and adequate").

As discussed in the Opening Papers, just like the Settlement as a whole, the Plan of Allocation must be fair, reasonable, and adequate. *See In re Ocean Power Techs., Inc.*, No. 3:14-CV-3799, 2016 WL 6778218, at \*23 (D.N.J. Nov. 15, 2016). The absence of objections to the proposed allocation of settlement proceeds similarly warrants final approval of the Plan of Allocation. *See*, *e.g.*, *In re Lucent Techs., Inc., Sec. Litig.*, 307 F. Supp. 2d 633, 649 (D.N.J. 2004) ("The favorable reaction of the Class supports approval of the proposed Plan of Allocation. … [N]o Class Member has objected to the Plan of Allocation."); *In re AremisSoft Corp. Sec. Litig.*, 210 F.R.D. 109, 127 (D.N.J. 2002) ("The favorable reaction of the Class supports approval of the proposed Plan of Allocation. No Class Member has objected to the Plan of Allocation[.]"). The Settlement Class's reaction here therefore provides additional strong support for final approval of the Plan of Allocation.

### B. The Settlement Class's Reaction Also Strongly Supports Approval of Lead Counsel's Fee and Expense Requests

As is true with the Settlement, ***not a single*** Settlement Class Member has objected to Lead Plaintiff's Counsel's Fee Motion. The fact that there are no objections is strong evidence that the requested amount of fees and expenses is reasonable. *See Wilmington Tr.*, 2018 WL 6046452, at \*5, \*8 (finding that the lack of objections to the request for attorneys' fees and costs weighed in favor of approval of the fee request); *In re Schering-Plough Corp. Sec. Litig.*, No. 01-CV-0829 (KSH/MF), 2009 WL 5218066, at \*6 (D.N.J. Dec. 31, 2009) ("More than 320,000 potential class members were sent mailings and a summary notice was published in the Wall Street Journal and issued over the PR Newswire. Only two objections were made, which is strong evidence in favor of the reasonableness of the fee award."); *In re AT&T Corp.*, 455 F.3d 160, 170 (3d Cir. 2006)

5

(agreeing with the District Court's determination that "the absence of substantial objections by class members to the fees requested by counsel strongly supports approval").

Additionally, as with approval of the Settlement, the lack of any objections by institutional investors particularly supports approval of the fee request. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (finding the fact that "a significant number of investors in the class were sophisticated institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive" and did not do so, supported approval of the fee request). Lead Plaintiff's Counsel's request for attorneys' fees and Litigation Expenses should therefore be granted.

## III.    CONCLUSION

For the reasons set forth above and as set forth in greater detail in the Opening Papers, Lead Plaintiff and Lead Plaintiff's Counsel respectfully request that the Court grant the Motions and approve: (i) the Settlement; (ii) the Plan of Allocation; and (iii) Lead Plaintiff's Counsel's request for attorneys' fees and Litigation Expenses.

For the Court's convenience, a revised proposed Final Judgment and Order of Dismissal With Prejudice is attached hereto as Exhibit 2; and a proposed Order Awarding Attorneys' Fees, Litigation Expenses, and Award to Lead Plaintiff Pursuant to 15 U.S.C. § 78u-4(a)(4), is attached hereto as Exhibit 3.

DATED:  January 3, 2022                          **BERMAN TABACCO**

                                                                          */s/ Patrick T. Egan*
                                                                              Patrick T. Egan (*Pro Hac Vice*)

                                                                          Steven J. Buttacavoli (*Pro Hac Vice*)
                                                                          One Liberty Square
                                                                          Boston, MA 02109
                                                                          Telephone: (617) 542-8300
                                                                          Facsimile: (617) 542-1194

6

Email:  pegan@bermantabacco.com
        sbuttacavoli@bermantabacco.com

**BERMAN TABACCO**
Nicole Lavallee (*Pro Hac Vice*)
Jeffrey Rocha (*Pro Hac Vice*)
44 Montgomery Street, Suite 650
San Francisco, CA  94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email:  nlavallee@bermantabacco.com
        jrocha@bermantabacco.com

*Counsel for Lead Plaintiff Utah Retirement Systems*
*& Lead Counsel for the Class*

and

**SCHNADER HARRISON SEGAL &**
**LEWIS LLP**
Ira Neil Richards
Arleigh P. Helfer III
1600 Market Street, Ste. 3600
Philadelphia, PA 19103
Telephone: (215) 751-2503
Facsimile: (215) 751-2205
Email: irichards@schnader.com
       ahelfer@schnader.com

*Counsel for Lead Plaintiff Utah Retirement Systems*
*& Liaison Counsel for the Class*

7

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on the 3rd of January, 2022, a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

*/s/ Patrick T. Egan*
Patrick T. Egan