# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UTAH RETIREMENT SYSTEMS,<br><br>           Plaintiff,<br><br>v.<br><br>HEALTHCARE SERVICES GROUP,<br>INC., DANIEL P. MCCARTNEY,<br>THEODORE WAHL, JOHN C. SHEA,<br>and MATTHEW  J. MCKEE,<br><br>           Defendants. | Case No. 2:19-cv-01227-ER |

**[PROPOSED] ORDER AWARDING ATTORNEYS' FEES, LITIGATION EXPENSES, AND AWARD TO LEAD PLAINTIFF PURSUANT TO 15 U.S.C. § 78u-4(a)(4)**

WHEREAS, this matter came on for hearing on January 10, 2022 (the "Final Approval Hearing") on Lead Plaintiff's Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Award to Lead Plaintiff Pursuant to 15 U.S.C. § 78u-4(a)(4) (the "Fee & Expense Motion").[1]  The Court having considered all matters submitted to it at the Final Approval Hearing and otherwise; and it appearing that notice of the Final Approval Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested; and

---

[1] "Lead Plaintiff's Counsel" refers, collectively, to Court-appointed Lead Counsel Berman Tabacco and Court-appointed Liaison Counsel Schnader Harrison Segal & Lewis LLP.

- 1 -

WHEREAS, this Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated June 29, 2021 (ECF No. 70-4, the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    **Jurisdiction**—The Court has jurisdiction to enter this Order and over the subject matter of the Action, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.    **Notice**—Notice of Lead Plaintiff's Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort.  The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and reimbursement of Litigation Expenses satisfied the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules, constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all persons and entities entitled thereto.

3.    **Fee and Expense Award**—Lead Plaintiff's Counsel are hereby awarded attorneys' fees in the amount of ____% of the Settlement Fund and $_____ in reimbursement of Litigation Expenses plus interest thereon, which sums the Court finds to be fair and reasonable. The attorneys' fees and expenses awarded will be paid to Lead Plaintiff's Counsel from the Settlement Fund in accordance with the terms of the Stipulation.

4.    **Factual Findings**—In making this award of attorneys' fees and Litigation Expenses to be paid from the Settlement Fund, the Court has considered and found that:

a.    The Settlement has created a fund of $16,800,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Lead Plaintiff's Counsel;

b.    The attorneys' fees and Litigation Expenses sought by Lead Plaintiff's Counsel have been reviewed and approved as reasonable by Lead Plaintiff, who oversaw the prosecution and resolution of the Action;

c.    An aggregate of 161,204 copies of the Notice were mailed to potential Settlement Class Members and nominees stating that Lead Plaintiff's Counsel would apply for attorneys' fees in an amount not to exceed 25% of the Settlement Fund, and Litigation Expenses in an amount not to exceed $550,000, which amount may include a request for reimbursement to Lead Plaintiff.

d.    Lead Plaintiff's Counsel have conducted the litigation and achieved the Settlement with skillful and diligent advocacy;

e.    The Action raised a number of complex issues;

f.    Had Lead Plaintiff's Counsel not achieved the Settlement, there would remain a significant risk that Lead Plaintiff and the other members of the Settlement Class may have recovered less, or nothing, from Defendants;

g.    Lead Plaintiff's Counsel devoted more than 8,406.10 hours, with a lodestar value of $4,746,493.50 to achieve the Settlement; and

h.    The amount of attorneys' fees awarded and Litigation Expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

- 4 -

5.      **PSLRA Award**—Lead Plaintiff, Utah Retirement Systems, is hereby awarded $_____ from the Settlement Fund as reimbursement for their reasonable costs directly related to their representation of the Settlement Class.

6.      **No Impact on Judgment**—Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

7.      **Retention of Jurisdiction**—Exclusive jurisdiction is hereby retained over the Parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

8.      **Termination of Settlement**—In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

9.      **Entry of Order**—There is no just reason for delay in the entry of this Order and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

DATED:  _____        _____

THE HONORABLE EDUARDO C. ROBRENO
UNITED STATES DISTRICT JUDGE

- 4 -